[No. 44580.    En Banc.    August 11, 1977.]

GERALD DOERFLINGER, ET AL, *Appellants,* v. NEW YORK LIFE INSURANCE COMPANY, *Respondent.*

*Shafer, Mitchell & Moen, Lawrence L. Shafer,* and *Douglas Millard,* for appellants.

*Lane, Powell, Moss & Miller,* by *Robert W. Thomas* and *Robert R. Davis, Jr.,* for respondent.

DOLLIVER, J.—This is a pretrial appeal from a partial judgment on the pleadings, purportedly entered pursuant to CR 54(b). The appellants brought an action for damages against the respondent for an alleged delay or failure to pay appellants' medical expenses under a contract between the parties. Appellants sought reformation of the contract and declaratory relief determining the rights and duties of the parties, and prayed for compensatory damages, contract benefits and punitive damages. Recovery was sought under the following theories: (1) breach of contract; (2) breach of fiduciary duty to act in good faith; (3) outrage;

(4) negligent infliction of emotional distress; and
(5) intentional infliction of emotional distress.

The court allowed appellants to proceed on the claims of breach of contract and the tort of outrage, apparently dismissing the remaining theories of recovery. Following the language of CR 54(b), it made an express determination there was no reason to delay the review of the judgment and expressly directed the entry of the order, intending it to be a final judgment in accordance with CR 54(b). *See Schiffman v. Hanson Excavating Co.,* 82 Wn.2d 681, 513 P.2d 29 (1973). The respondent thereafter moved to dismiss the appeal for lack of final judgment or other appealable order. The Court of Appeals passed the motion to the merits. Since the case was certified to this court by the Court of Appeals and accepted by this court, respondent's motion to dismiss is also before us.

The rule in question here (CR 54(b)) states, in part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross–claim, or third–party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination in the judgment, that there is no just reason for delay and upon an express direction for the entry of judgment.

■ Superior Court Civil Rule 54(b), with but a minor and here irrelevant addition, is identical to Federal Rule of Civil Procedure 54(b). The basic purpose of the rule as stated in 10 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 2654, at 32–33 (1973), is:

> to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available. . . .
> The rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple–party or multiple–claim situations at a time that best serves the needs of the litigants.

*See Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 100 L. Ed. 1297, 76 S. Ct. 895 (1956); *see* Note, *Appealability In The Federal Courts,* 75 Harv. L. Rev. 351, 357 (1961); *see also* discussion in *Schiffman v. Hanson Excavating Co., supra,* per Rosellini, J.

There are three requirements for the entry of a final judgment by the trial court under CR 54(b): (1) There must be more than one claim for relief or more than one party against whom relief is sought; (2) there must be an express determination in the judgment that there is no just reason for delay; and (3) there must be an express direction for the entry of the judgment. It is the function of this court to determine whether these tests have been met. *See Schiffman v. Hanson Excavating Co., supra.* The trial court cannot in "its discretion" treat as "final" that which is not "final." *Sears, Roebuck & Co. v. Mackey, supra* at 437.

Since requirement (3) is ministerial only and has been met, we must consider the other two.

The first question is whether under CR 54(b) there is more than one claim of relief in this action. In appellants' amended pleadings, they rely upon identical allegations to establish a breach of fiduciary duty, outrage, negligent infliction of emotional distress, and intentional infliction of emotional distress. Additionally, in oral argument, counsel for appellants in response to a question from the court as to whether the facts necessary to prove outrageous conduct would also include breach of fiduciary duty of good faith dealing, negligent infliction of emotional distress and intentional infliction of emotional distress, answered this was "largely true." Thus, it would appear appellants have alleged a single claim on one set of facts but assert multiple theories for relief.

Faced with need to interpret the term "one claim for relief," the Court of Appeals held in *Gazin v. Hieber,* 8 Wn. App. 104, 112, 504 P.2d 1178 (1972):

In order for a complaint to set out multiple claims for relief, each claim must arise from a different factual

occurrence or transaction. *Reeves v. Beardall,* 316 U.S. 283, 86 L. Ed. 1478, 62 S. Ct. 1085 (1942).

■ . However, the test in *Gazin* which looks at the underlying facts to determine if there was a single or multiple occurrence or transaction and thus whether there was one or more claims, was abandoned by the United States Supreme Court in *Sears, Roebuck & Co. v. Mackey, supra.* See, particularly, concurring opinion by Frankfurter, J. While clearly the court did abandon the mechanical ·requirement that only claims which are factually separate and independent are multiple claims, nevertheless, cases since then have not gone so far as to treat every variation in legal theory as a separate claim. *See, e.g., CMAX, Inc. v. Drewry Photocolor Corp.,* 295 F.2d 695 (9th Cir. 1961); *Baca Land & Cattle Co. v. New Mexico Timber, Inc.,* 384 F.2d 701 (10th Cir. 1967).

We concur with the approach of the federal courts. Therefore, while we reject the test in *Gazin,* we hold the separate legal theories presented by appellants are not multiple claims and thus are not subject to the entry of final judgment upon dismissal by the trial court.

■ As to the second requirement, an express determination that "there is no just reason for delay" is not enough. "[T]here must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939, 942 (2d Cir. 1968). A fair reading of the record before us reveals no showing of such hardship or injustice.

On the other hand, there is substantial reason to follow the overall policy against piecemeal appeals. *In re Estate of Moore,* 36 Wn.2d 854, 857, 220 P.2d 1079 (1950). The consideration by this court of the theories of recovery propounded by appellants and the measure of damages urged would have a far–reaching impact on the law of this state. To lay down general principles of law as requested by the parties in this case without having the entire matter before us, including all of the essential facts and testimony, would

require this court to act in a vacuum. This we decline to do. *See Campbell v. Westmoreland Farm, Inc., supra.*

We dismiss the appeal and remand it to the trial court. In so doing, we express no opinion on the merits of the issues raised by the appellants here and do not intend by this dismissal to foreclose further considerations of these issues at the trial court level.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and HICKS, JJ., concur.