[No. 57325–5.   Department Two.   October 25, 1990.]

TERRY E. FOX, ET AL, *Petitioners,* v. SUNMASTER
PRODUCTS, INC., ET AL, *Respondents.*

*Don Davis* and *Mary Ruth Mann,* for petitioners.

*Lee, Smart, Cook, Martin & Patterson, P.S.,* by *Steven G. Wraith,* for respondents.

PER CURIAM.—This is a products liability action in which each of several defendants prevailed, at different times, in separate motions for summary judgment. At issue is whether the plaintiffs, Terry and Billie May Fox, were entitled to wait to appeal until their claims against all defendants were resolved. We answer this question "yes" and remand to the Court of Appeals with directions to reinstate the plaintiffs' appeal as to Ladder Industries, Inc.

## FACTS

Terry and Billie May Fox filed suit against Sunmaster Products, Inc., and Stepmaster Ladder, Inc., in July of 1986.[1] Terry Fox had been seriously injured while working at the Bangor Naval Base when he slipped on a Stepmaster ladder which he alleged had been defectively designed and manufactured by Sunmaster. During discovery, the Foxes learned that all of Sunmaster's assets had been sold to Ladder Industries, Inc. In May of 1987, the Foxes filed an amended complaint naming Ladder Industries as an additional defendant.

Ladder Industries moved for summary judgment on the ground that it is not a successor corporation and cannot be held liable for Sunmaster's conduct. The trial court granted this motion on February 17, 1989. The court's dismissal order, which was presented by Ladder, recited that there was "no just reason for delay" in entering judgment and directed entry of judgment in favor of Ladder. Clerk's Papers, at 216–17. The Foxes moved for reconsideration, which the court denied on March 24, 1989. Clerk's Papers, at 239.

---

[1] It does not appear that Stepmaster Ladder, Inc., was ever served or has ever separately appeared. The record suggests that there may be no such corporation, but rather that "Stepmaster" is a line of products manufactured by Sunmaster.

In October of 1989, Sunmaster also moved for summary judgment, seeking dismissal of the Foxes' claims against it on procedural grounds. The trial court granted this motion on January 12, 1990. Clerk's Papers, at 335–36. The Foxes moved for reconsideration of this order, or, in the alternative, to "reinstate Ladder Industries, Inc. as a defendant." Clerk's Papers, at 338. The trial court denied these motions in a letter dated January 30, 1990.

On February 5, 1990, the Foxes filed a notice of appeal to Division One of the Court of Appeals from the two January 1990 orders. The Foxes later amended the notice of appeal to refer also to the 1989 decisions dismissing their claims against Ladder Industries. Ladder Industries then moved to dismiss the Foxes' appeal as to it as untimely because the notice of appeal had not been filed within 30 days of the final judgment for Ladder. *See* RAP 5.23(a). The Foxes responded that the 1989 orders had not been final and appealable because the CR 54(b) certification in the February 22, 1989, order was ineffective under *Doerflinger v. New York Life Ins. Co.*, 88 Wn.2d 878, 882, 567 P.2d 230 (1977). On March 29, 1990, a Court of Appeals commissioner dismissed the Foxes' appeal as to Ladder Industries. A panel of the Court of Appeals later denied the Foxes' motion to modify the commissioner's ruling.

The Foxes then filed a "petition for review" to this court. Their appeal from the order granting Sunmaster's motion for summary judgment remains pending in the Court of Appeals.

### ISSUES

1. Is the order dismissing the Foxes' appeal as to Ladder Industries subject to review by this court?

2. Is review properly by petition for review or by motion for discretionary review?

3. Did the Foxes file a timely notice of appeal from the 1989 order dismissing their claims against Ladder Industries?

## ANALYSIS

1. As a threshold matter, Ladder Industries urges that a Court of Appeals commissioner's ruling is not subject to review. While this assertion is correct, it misses the point. A Court of Appeals commissioner's ruling will not be reviewed directly by this court. RAP 13.3(e). Rather, a party must first move to modify the commissioner's ruling, and then may seek review by this court of the Court of Appeals decision on the motion to modify. RAP 13.3(a), (e). That is what the Foxes have done here.

2. Although Ladder Industries does not raise this point, we note that the Foxes' request for review by this court is erroneously styled as a petition for review under RAP 13.4. A Court of Appeals decision is subject to review by petition, as provided in that rule, only if it is a "decision terminating review". RAP 13.3(b), 13.4(a). If a decision does not qualify as a "decision terminating review" it is denominated "interlocutory". RAP 12.3(b). An interlocutory decision may be reviewed only by motion for discretionary review. RAP 13.3(c).

"Decision terminating review" is a defined term of art. The term does not include every type of decision which can end proceedings in a case in an appellate court, but only those decisions which unconditionally terminate review after review has been accepted. RAP 12.3(a)(1), (2). The Court of Appeals decision that the Foxes ask us to review does not meet this description. This is so whether the case is viewed as a whole or separately as to each order on review.

The Court of Appeals' dismissal of the appeal as to Ladder did not "terminate review" of the entire case, since the Foxes' appeal as to Sunmaster is still pending in that court. If the Foxes' claims against Ladder are viewed separately, then the order dismissing as untimely the appeal as to Ladder is in essence a holding that review was never accepted. *See* RAP 6.1 (review is accepted upon the *timely* filing of a notice of appeal). Until review is accepted, there can be no decision terminating review under RAP 12.3(a).

As provided in RAP 13.3(d), we therefore treat the Foxes' incorrectly designated "petition" as a motion for discretionary review, and consider whether review is called for under RAP 13.5.

3. In objecting to the Court of Appeals decision, the Foxes contend that their notice of appeal was timely as to the trial court's disposition of their claims against Ladder Industries as well as Sunmaster. We agree. The Court of Appeals' dismissal of the appeal as to Ladder Industries was error, and it substantially altered the status quo. Discretionary review is therefore appropriate under RAP 13.5(b)(2).

Generally, a notice of appeal must be filed within 30 days of the entry of the order or judgment the party wants reviewed. RAP 5.2(a). The trial court dismissed the Foxes' claims against Ladder Industries in February of 1989 and declined to reconsider that decision the following month. The Foxes did not seek review of those decisions at that time. Instead, the Foxes designated the Ladder judgment for review some months later, when they filed a notice of appeal from the trial court's order dismissing their remaining claims (against Sunmaster). Despite this delay, we conclude that the appeal as to Ladder was timely. We reach this conclusion for two reasons: First, the February 1989 order did not contain a proper CR 54(b) certification and was not, therefore appealable until the remaining claims were dismissed in January of 1990. Second, even if the CR 54(b) certification had been proper and the 1989 order thus had been appealable when entered, that would have meant only that the Foxes *could have* appealed immediately. The failure to appeal at that time, however, does not necessarily foreclose later review.

The appellate court rule regarding multiple claims and multiple parties is RAP 2.2(d). That rule provides in part:

> In any case with multiple parties or multiple claims for relief, or in a criminal case with multiple counts, an appeal may be taken from a final judgment which does not dispose of all

> the claims or counts as to all the parties, but only after an express direction by the trial court for entry of judgment and an express determination in the judgment, supported by written findings, that there is no just reason for delay. . . . In the absence of the required findings, determination and direction, a judgment that adjudicates less than all the claims or counts, or adjudicates the rights and liabilities of less than all the parties, is subject only to discretionary review until the entry of a final judgment adjudicating all the claims, counts, rights, and liabilities of all the parties.

The Superior Court Civil Rule counterpart to this appellate rule, CR 54(b), is to the same effect.

■ The February 1989 order, presented by Ladder Industries, contained the certification and entry of judgment language required by CR 54(b) and RAP 2.2(d). Nonetheless, the Foxes contend that the CR 54(b) certification in this case was ineffective to create an appealable order because of the principles stated in *Doerflinger v. New York Life Ins. Co., supra.* They are correct. *Doerflinger* holds that a CR 54(b) certification will not be accepted by an appellate court unless there is a demonstrated basis for the trial court finding of no just reason for delay. This means that the record must affirmatively show there is in fact some danger of hardship or injustice that will be alleviated by an immediate appeal. *Doerflinger,* at 882; *see also Curtiss–Wright Corp. v. General Elec. Corp.,* 446 U.S. 1, 64 L. Ed. 2d 1, 100 S. Ct. 1460 (1980) (interpreting federal rule 54(b)). Nothing in the record here suggests that delay in entry of a final judgment posed any such danger of hardship to Ladder Industries.

Nonetheless, Ladder Industries argues that the *Doerflinger* requirement should apply only to cases in which the partial summary judgment order dismisses fewer than all of the claims against one party. By contrast, Ladder contends, a danger of hardship should be presumed in any case in which one of several defendants is dismissed from a case. This argument is without merit. Neither the wording of CR 54(b) nor the holding in *Doerflinger* is limited to multi-claim cases. Moreover, one of the strong policies underlying

*Doerflinger* is the undesirability of piecemeal review. Piecemeal review is of equal concern in multiparty and multi-claim cases.

In short, for any case to come within the provisions of CR 54(b) and RAP 2.2(d), there must in fact *be* no just reason for delaying entry of final judgment, not simply pro forma language to that effect in the trial court's order. *See National Bank of Wash. v. Dolgov*, 853 F.2d 57, 58 (2d Cir. 1988) (dismissing appeal from partial summary judgment order resolving claims against all but one defendant because the order "merely repeated the language of Rule 54(b) in haec verba"); *Schiffman v. Hanson Excavating Co.*, 82 Wn.2d 681, 689, 513 P.2d 29 (1973) (also a multi-party case). Since Ladder Industries has made no showing of hardship, and the trial court's order does not describe any, the pro forma CR 54(b) certification is of no effect. *Doerflinger v. New York Life Ins. Co., supra.* The February 1989 order thus was subject only to discretionary review until the entire case was resolved in January of 1990. RAP 2.2(d); *see also* CR 54(b) (absent proper certification, an order adjudicating less than all claims is modifiable until all rights and liabilities of all parties are finally adjudicated).

▇ Even if there had been a proper basis for immediate entry of a final judgment on the Foxes' claims against Ladder Industries, it does not follow that this appeal should have been dismissed as untimely as to Ladder. As noted above, RAP 2.2(d) says an appeal "may be taken" from certain kinds of decisions entered before the case is finally disposed of. The rule "does not explicitly say what *must* be appealed to avoid loss of the right of review or other prejudice." 2A L. Orland, Wash. Prac., *Rules Practice* § 3061, at 432 (1978). Nor is there any "indication of an attempt to abandon the final judgment rule as a central organizing principle". 2A L. Orland, *supra.* To the contrary, the rules contemplate that various kinds of decisions—specifically including earlier appealable orders—will be reviewed in the appeal from the final judgment in the case.

The general rule, set forth in RAP 2.4(a), says the court will review, at the instance of the appellant, "the decision or parts of the decision designated in the notice of appeal . . .." A partial summary judgment order is a "part of the decision" ultimately rendered in the case. Additionally, RAP 2.4(b) expressly permits the appellate court to review any earlier order or ruling, "including an appealable order," regardless whether it is designated in the notice of appeal, if it prejudicially affects the decision designated in the notice. Depending upon the nature of the case and the relationship between the parties' claims, a partial summary judgment order can prejudicially affect every order entered thereafter, and often will plainly so affect the judgment that ultimately disposes of the case.

These provisions make it clear that a party does not automatically lose the right to appellate review of either "appealable orders" or partial "final judgments" by failing to file a notice of appeal within 30 days. Indeed, in this particular the Rules of Appellate Procedure were specifically designed to eliminate "a trap for the unwary" which existed under the prior rules "in that a failure to appeal an appealable order could prevent its review upon appeal from a final judgment". *Adkins v. Aluminum Co. of Am.,* 110 Wn.2d 128, 134, 750 P.2d 1257, 756 P.2d 142 (1988). "RAP 2.4(b) solved the problem by including prior appealable orders within the scope of review." *Adkins,* at 134.

A party cannot always know, when the first adverse "appealable order" in a case is entered, if review of that decision will ever be necessary. Quite possibly some subsequent order will render an adverse decision moot, or the party will ultimately prevail on remaining issues or recover against other parties. It therefore makes no sense to mandate an immediate appeal from a partial final judgment entered under CR 54(b), even though the judgment might qualify as appealable under RAP 2.2(d). Such a requirement would simply encourage multiple and perhaps unnecessary appeals in multiparty and multiclaim cases.

506

## CONCLUSION

The Foxes' "petition for review" is properly a motion for discretionary review. That motion is granted, and the case is remanded to Division One of the Court of Appeals with directions to reinstate the appeal as to Ladder Industries.