IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| GARRETT RANCHES LLC, a Washington Limited Liability Company, | ) ) ) | No. 30620-8-III |
| Respondent, | ) ) | (consolidated with Nos. 30668-2-III, 31177-5-III) |
| v. | ) ) | |
| LARRY HONN FAMILY LLC, a Washington Limited Liability Company, | ) ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | |

SIDDOWAY, A.C.J. — Larry Honn Family LLC appeals orders confirming

arbitration awards requiring that it sell farm ground and associated personal property to

Garrett Ranches LLC. The principal issues raised on appeal are whether the trial court

erred in compelling arbitration and later confirming awards by the arbitrators that set

incidental terms for the purchase and sale of the farm ground pursuant to exercise of an

option; the parties had not been able to work out all of the nonprice terms themselves.

Our decision resolves three appeals taken by the Honns that we consolidated. We

find that the first and third appeals—Court of Appeals Cause Nos. 30620-8-III and

31177-5-III—asked that we review orders from which appeal cannot be taken. For

reasons discussed below, then, we dismiss the appeals in those two cases. With respect to Cause No. 30668-2-III, we find no error by the trial court and affirm. We award Garrett Ranches its reasonable attorney fees and costs incurred on appeal.

FACTS AND PROCEDURAL BACKGROUND

In September 2010, Larry Honn Family LLC, whose managers are Larry Honn Sr. and Charlotte Honn, and Garrett Ranches LLC, whose managers are Frank and Joshua Garrett, entered into a farm lease with an option to purchase. The lease provided that the Garretts would lease 2,008 acres of land from the Honns, 335 acres of which was tillable, for an initial five-year term. The lease included an option to purchase the property for $400,000, exercisable at any time during the lease upon 30 days' written notice. In the event of exercise, the lease provided that "the parties shall execute a Contract of Sale in such form as is attached hereto as Exhibit 'A.'" Clerk's Papers (CP) at 15. Although the lawyer who drafted the lease attached a form contract of sale to the lease as its exhibit A, the contract became detached during the circulation and review process.

Shortly after the lease was executed the Honns repudiated the lease and the option, which the Garretts had expressed the intent to exercise. The lease included an arbitration clause that provided for binding arbitration if "any dispute shall arise between the parties, or with respect to this Lease." CP at 19. The Garretts demanded arbitration and a three-member arbitration panel conducted a hearing in December 2010.

2

The arbitrators signed an arbitration award on December 28, finding that the lease and option were enforceable. The award stated that the parties were to mutually agree upon terms of a contract of sale of the property by January 1, 2012, failing which the panel, which reserved jurisdiction, would issue a further award pertaining to the terms of the proposed contract of sale. The Garretts moved to confirm the arbitration award in superior court and in January 2011 the court confirmed this first, 2010 arbitration award. Neither party appealed the order confirming the award.

The parties were unable to reach an agreement on the terms of the contract of sale, so in November 2011 the Garretts again filed notice of arbitration, eventually setting the arbitration hearing for December 22.

Before the hearing could take place, the Honns sent two "notices of termination" of the lease to the Garretts, which became the principal basis for the Honns' legal position thereafter and are at the heart of this appeal. The lease had provided that the Honns could terminate it if the Garretts failed to carry out any of their covenants or agreements. In reliance on that provision, the Honns' notices of termination notified the Garretts

> [t]hat your Cash Rent Farm Lease with Option to Purchase dated
> September 14, 2010 with the above-named leased property is hereby
> forfeited and terminated due to the material breach of the Cash Rent Farm
> Lease with Option to Purchase.[1]

---

[1] This language in the second notice was modified to provide an explicit termination date.

3

CP at 26, 31 (boldface omitted). The notices went on to identify seven alleged breaches of the lease, including waste, failure to spray weeds, and removal of irrigation equipment. The Garretts promptly filed an amended notice of arbitration adding the issue of whether they had breached the lease as an issue to be arbitrated at the upcoming hearing.

The Honns took the position that their notices of termination had effectively eliminated any contractual right or duty to arbitrate and they filed a motion to stay arbitration. The court refused to stay the hearing, which proceeded. After the hearing, the arbitrators—aware of the Honns' challenge to their authority—asked the lawyers to have the challenge heard and resolved by the superior court before the panel issued its decision. On January 13, 2012 the trial court heard the Honns' motion to stay and the Garretts' cross motion to compel, and ruled that the dispute was arbitrable. Shortly thereafter, the panel issued its award. Among the matters decided by this second, January 2012 award was that the Garretts had never violated the lease as contended by the Honns' notices of termination.

The Garretts again moved the trial court to confirm this second award. The court confirmed it on February 10.

The Honns filed their first notice of appeal of the superior court's decisions on February 3, 2012, designating the court's order on the motion to compel arbitration as the decision they wanted reviewed. On March 1, they filed a notice of appeal designating the

4

trial court's orders affirming the first and second arbitration awards as additional decisions they wanted reviewed.

The arbitrators' second, January 2012 award had included their decision that attorney fees should be awarded to the Garretts and gave the parties a timeline for submitting a fee request and opposition, after which the arbitrators would award fees based on the written submissions. In a third, supplemental award entered in June 2012, the arbitrators announced the amount of fees and costs awarded to the Garretts. This third award was confirmed by the trial court on July 12.

A week later the Honns—who had by then already filed their opening brief in their appeal of the orders confirming the first and second arbitration awards—attempted to file a motion in the superior court to vacate or modify the second and third awards. Because the matter was then on appeal, however, they were required by RAP 7.2(e) to obtain leave of this court to file the motion. They proceeded to do so and then re-filed the motion in superior court on August 30. The grounds they identified for vacating the awards were that (1) the arbitrators exceeded their authority in creating terms to a contract; (2) there was no finding of a valid farm lease (essentially, their argument that the lease was terminated by their notice); (3) there was no authority to award attorney fees; and (4) the arbitrators refused to postpone arbitration pending lease status determination. Following a hearing in September 2012, the trial court denied the motion. The Honns filed a third notice of appeal, seeking review of the September 2012 order

denying the motion to vacate. They requested consolidation of the three appeals, which we granted.

## ANALYSIS

In briefing that does not distinguish which errors or issues they believe arise in connection with which of the consolidated appeals, the Honns assign error to (1) the trial court's legal determination that there was a continuing duty to arbitrate despite the Honns' notices of termination of the lease, (2) the trial court's legal determination that the duty to arbitrate extended to issues relating to the option and terms of a real estate sale agreement, (3) the arbitrators exceeding their authority in imposing terms of a real estate sale agreement, and (4) the trial court's refusal to vacate the arbitration award on account of its erroneous refusal to postpone arbitration until it could make a judicial determination on the status of the lease. We combine consideration of the fourth assignment of error with the first, to which it is inextricably related, and address the assignments of error in turn.

I

The Honns first argue that their notices of termination of the parties' lease terminated any duty or right to arbitrate. We engage in de novo review of a trial court's decision to grant a motion to compel or deny arbitration. *Zuver v. Airtouch Comm'cns, Inc.*, 153 Wn.2d 293, 302, 103 P.3d 753 (2004).

6

No. 30620-8-III (consolidated with Nos. 30668-2-III; 31177-5-III)
*Garrett Ranches LLC v. Larry Honn Family LLC*

The Garretts make a threshold argument that the issue is not properly before us because an order to compel arbitration is not an order from which appeal may be taken. RCW 7.04A.280 identifies six types of orders or judgments relating to arbitration from which appeal may be taken; an order compelling arbitration is not one of them. It has been definitely settled by our Supreme Court that an order compelling arbitration is not final and therefore not appealable. *Teufel Constr. Co. v. Am. Arbitration Ass'n*, 3 Wn. App. 24, 25, 472 P.2d 572 (1970) (citing *All-Rite Contracting Co. v. Omey*, 27 Wn.2d 898, 181 P.2d 636 (1947)). The Honns' first notice of appeal, resulting in our Cause 30620-8-III, designated the trial court's order granting the motion to compel arbitration as the decision it wanted reviewed.

We agree with the Garretts that the first appeal should be dismissed. But this does not dispense with the assignment of error in connection with the Honns' second appeal, our Cause 30668-2-III, in which they timely designated the order confirming the February 2012 arbitration award as an order they wanted reviewed. We therefore consider the issue in connection with their second appeal.[2]

---

[2] The Garretts further argue from RCW 7.04A.280 that because appeal may not be taken from a motion to compel, the Honns are not entitled to argue on appeal that the court was wrong in compelling arbitration. To provide that an order is nonfinal and appeal cannot be taken from it is not to say that error cannot be assigned to it once a final judgment is entered. The appellate rules expressly permit the appellate court to review any earlier order or ruling, whether or not it was "appealable" and regardless of whether it is designated in the notice of appeal, if it prejudicially affects the decision designated in the notice. RAP 2.4(b)(1); *see Fox v. Sunmaster Prods., Inc.*, 115 Wn.2d 498, 504-05,

7

The lease provision on which the Honns rely for their asserted ability to terminate the lease and thereby terminate any right to arbitrate is section 12, which provides in relevant part that

> in the event the Lessee shall fail to carry out any of the covenants or agreements herein contained, then, and in such event, the Lessor may, in addition to any other remedy, declare this Lease forfeited and immediately enter the Property and all rights and privileges herein granted shall thereupon terminate as fully as though this Lease had expired by the limitations herein expressed; provided, however, the Lessor shall deliver written notice specifying such violation to the Lessee and the Lessee shall have thirty (30) days from the date of receipt of such notice within which to perform such agreement and thereby reinstate this Lease.

CP at 17-18.

The Honns argue that the trial court vacillated in ruling on the cross motions to stay or compel arbitration and then wrongly refused to reduce to writing what they contend was its "finding" that their notices of termination had terminated any arbitration right or duty. The trial court did vacillate; it admitted in announcing its ruling that it was not entirely sure whether the issue of termination should be resolved by the court or by

---

798 P.2d 808 (1990). If a trial court erroneously compels arbitration, the erroneous order can be reviewed as one prejudicially affecting a subsequent order confirming an arbitration award. *See* RAP 2.4(b)(1); *see Teufel*, 3 Wn. App. at 26 (although party may not appeal a nonfinal order compelling arbitration, the party will have the opportunity "[a]t the proper time" to challenge whether the parties' disputes were arbitrable); *cf. Saleemi v. Doctor's Assocs., Inc.*, 166 Wn. App. 81, 91-92, 269 P.3d 350 (2012) (recognizing that the trial court's nonfinal orders where arbitration is compelled are reviewable following arbitration and subject to the same standard of review as other nonfinal court decisions), *aff'd*, 176 Wn.2d 368, 292 P.3d 108 (2013).

the arbitrators. But it was reminded of the broad scope of the parties' arbitration agreement during the course of its ruling and its final pronouncement denied the motion to stay and granted the motion to compel, "because you do have a dispute as to whether there's been a breach. And I don't feel, because of that, that it's appropriate for the Court to automatically accept the argument that it's—the lease is terminated. And then you have the language there, 'any dispute.' So you're stuck with arbitration." Report of Proceedings at 10.[3]

Private arbitration in Washington is governed by state statute, at least as long as state law does not regulate contracts evidencing a transaction involving commerce[4] in a way that conflicts with the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-14. Washington has adopted the revised Uniform Arbitration Act (UAA) promulgated in 2000, codified at chapter 7.04A RCW. As revised, the UAA addresses many issues that arise in modern arbitration cases and takes into consideration decisions by the United

---

[3] Critical to the lease termination provision on which the Honns relied is the condition that must exist for the termination remedy to arise: "*in the event the Lessee shall fail to carry out any of the covenants or agreements herein contained, then, and in such event.*" Once the Garretts challenged the Honns' assertion that the Garretts had breached the agreement (and the Garretts did so immediately) the effectiveness of the purported termination was at issue. Whether there was a forfeiture depended on whether the Garretts had in fact failed to carry out their covenants and agreements—something the arbitrators would decide.

[4] The language "involving commerce" as used in 9 U.S.C. § 2 has been construed expansively as coinciding with the full reach of the commerce clause. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 274, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995)

States Supreme Court concerning the FAA and the doctrine of preemption. UNIF. ARBITRATION ACT (2000), 7 pt. 1A U.L.A. 1, prefatory note at 2-3 (2009).

RCW 7.04A.060(2) provides that "[t]he court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate." RCW 7.04A.060(3) provides that "[a]n arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable." This latter provision codifies section 6(c) of the UAA, whose language is intended to follow the "separability" doctrine outlined in *Prima Paint Corporation v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967). Under the separability doctrine, the court's concern is whether the arbitration clause in particular is unenforceable (as, for instance, having been induced by fraud), which is an issue for the court to decide; or whether the enforceability of the underlying contract is being challenged, which is an issue for the arbitrator. UAA § 6 cmt. 4, 7 pt. 1A U.L.A. 27. It is generally accepted that the expiration or termination of a contract does not necessarily terminate arbitration provisions included in the contract. *See Nolde Bros., Inc. v. Local No. 358 Bakery & Confectionary Workers Union*, 430 U.S. 243, 252-53, 97 S. Ct. 1067, 51 L. Ed. 2d 300 (1977). But if there is a dispute over whether a contract has expired or terminated and, as here, one party contends that the

---

(addressing the breadth of FAA preemption).

arbitration right and duty has thereby ended, the dispute over termination or expiration is one that the arbitrator decides.

Washington follows the separability doctrine. *Townsend v. Quadrant Corp.*, 173 Wn.2d 451, 457-60, 268 P.3d 917 (2012) (discussing *Prima Paint* and the United States Supreme Court's reaffirmation of that decision in *Buckeye Check Cashing, Inc. v. Cardenga*, 546 U.S. 440, 445, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006)). In *Townsend*, our Supreme Court distinguished the outcome in *Prima Paint* and *Buckeye* from the outcome in its decision in *McKee v. AT&T Corp.*, 164 Wn.2d 372, 394, 191 P.3d 845 (2008), in which it held that a challenge that was "'only and specifically'" directed to the enforceability of an arbitration clause was to be decided by the court, not an arbitrator. *Townsend*, 173 Wn.2d at 458. It characterized a court's task in deciding whether a dispute over enforceability should be referred to an arbitrator as being to "review the facts to determine whether the . . . challenge to the arbitration clause is sufficiently discrete to be decided by the court under *McKee* or whether it is so wrapped into [the party's] general allegations regarding the [underlying contract] that both issues must be decided by an arbitrator under *Prima Paint* and *Buckeye*." *Id.* at 459.

The Honns' challenge was based on the Garretts' alleged breach of lease covenants that the Honns argued triggered their optional remedy of terminating the lease. There was no discrete challenge to the arbitration clause. Although the trial court

11

vacillated over the proper procedure, it ultimately and correctly determined that it was for the arbitrators to determine whether the Honns had effectively terminated the lease.

II

The Honns next argue that the trial court committed legal error in requiring the parties to arbitrate real estate purchase terms. They contend that arriving at real estate purchase terms was outside the scope of their agreement to arbitrate and also that courts cannot create terms for a contract.[5]

In the arbitration hearing, the Garretts supported their argument that the arbitrators had authority to fix remaining terms by citing, among other cases, *Valley Garage, Inc. v. Nyseth*, 4 Wn. App. 316, 481 P.2d 17 (1971). In that case, the appellate court held that an option agreement that contained a description of the subject property and a method for determining price could be specifically enforced and that an arbitration clause authorized arbitrators to resolve the other, nonessential terms.

On appeal, the Garretts argue that we need not concern ourselves with the substantive legal authority because the Honns are procedurally barred from raising these arguments for several reasons: they are raising them for the first time in their first and second appeals (Causes 30620-8-III and 30668-2-III); the time for appealing the first,

---

[5] They also reiterate their argument that any obligation to arbitrate ended upon service of their notices of termination, but the arbitrators found no breach that would result in termination, as addressed in part I.

2010 arbitration award passed without appeal; and in the third appeal, Cause 31177-5-III, the trial court's order denying the Honns' motion to vacate is not appealable and their motion to vacate was in any event untimely. We first consider these procedural arguments.

*Did the Honns lose the right to appeal the trial court's order confirming the first, 2010 award by not taking an immediate appeal?*

The Garretts argue that the issues related to the first, 2010 award cannot be raised because the time for appeal of the order confirming that award passed without appeal. The order confirming that award was entered by the superior court in January 2011. RCW 7.04A.280(1)(c) provides that "[a]n appeal *may* be taken from . . . [a]n order confirming . . . an award." (Emphasis added.) RCW 7.04A.280(2) provides that "[a]n appeal under this section must be taken as from an order or a judgment in a civil action" and RAP 5.2(a) provides that "a notice of appeal must be filed in the trial court within . . . 30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed."

In itemizing the orders from which appeal "may" be taken, the statute is similar to RAP 2.2, which we apply as permissive. As explained by Professor Tegland:

> The decisions listed in RAP 2.2 are best thought of as an *opportunity* to appeal. The fact that an interlocutory decision is listed in RAP 2.2 does not necessarily mean that a timely appeal must be taken from that decision in order to secure appellate review. The rules allow the aggrieved party to wait until final judgment has been entered before appealing, and an appeal

13

from the final judgment brings up for review all interlocutory decisions, including previously appealable decisions.

2A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.2, at 103 (7th ed. 2011). In *Fox v. Sunmaster Products, Inc.*, the Supreme Court applied this analysis in holding that even where a partial summary judgment has been certified as a final judgment under CR 54(b), the certification as final creates a choice to appeal at that time but does not deprive a party of the alternative of awaiting a final judgment. 115 Wn.2d 498, 504, 798 P.2d 808 (1990).

Of course, a party forgoes early appeal at its peril unless it is confident there will be a later appealable order that will be prejudicially affected by the court's objectionable decision. Where parties anticipate a later order, though, it is not uncommon to defer an appeal in order to wait and see the final outcome.

The Honns were able to do that here. In entering the first, 2010 award, the arbitrators reserved jurisdiction to issue a further award to address any unagreed real estate purchase terms. Given what has transpired, the Honns might have foreseen that they would not reach agreement with the Garretts and that further substantive awards and confirming orders would therefore be required. Any later appealable order confirming arbitrated real estate purchase terms would be prejudicially affected by the trial court's order confirming the first award, so appeal of the later order would present an opportunity for review of the court's earlier decisions. The Honns did not lose the right

14

to appeal the order granting the motion to compel by not taking an immediate appeal from the order confirming the first award.

*Does the Honns' failure to raise the present arguments in the trial court prevent them from raising those arguments on appeal in Cause 30668-2-III?*

The Garretts next argue that the Honns' second assignment of error cannot be raised in their first and second appeals (Causes 30620-8-III and 30668-2-III) because they never raised those arguments in the trial court either before or in connection with the decisions we are being asked to review: the order compelling arbitration and the order confirming the first arbitration award. We have already held that the first appeal must be dismissed. We examine this argument as it relates to the second appeal, Cause 30668-2-III.

Review of the record confirms that the issues raised by the Honns' second assignment of error were never raised by the Honns in resisting the second arbitration hearing or in response to the Garretts' motions for orders confirming the awards. As a result, the trial court never had an opportunity to consider the issues or arguments in connection with any decision reviewable in Cause 30668-2-III.

RAP 2.5(a) states the general rule for appellate disposition of issues not raised in the trial court: appellate courts will not entertain them. *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988). We will not consider the second assignment of error or the

15

issues it raises in Cause 30668-2-III, since they are being raised in that case for the first time on appeal.

*May the present arguments be raised in connection with the Honns' third appeal, Cause 31177-5-III?*

We finally turn to the Honns' third appeal, seeking review of the trial court's September 2012 order denying their motion to vacate. The Garretts argue that there are two procedural bars to the Honns' assignments of error in the third appeal. First, they argue that denial of a motion to vacate or modify an arbitration award is not an appealable order under RCW 7.04A.280. Second, they argue that denial of the motion to vacate can be affirmed on the basis that the motion was untimely.

Considering their first argument first, RCW 7.04A.280(1) identifies the orders and judgments from which an appeal may be taken. Denial of a motion to vacate an arbitration award is not included. The provision does state that an appeal may be taken from "[a] final judgment entered under this chapter." RCW 7.04A.280(1)(f). But even though the motion to vacate includes a fee award and a "judgment summary" reflecting that judgment liability, it falls short of disposing of all the issues as to all the parties, the usual concept of a final judgment. *See* 2A TEGLAND, *supra*, at 104 (citing *Collins v. Miller*, 252 U.S. 364, 40 S. Ct. 347, 64 L. Ed. 616 (1920)). We agree, then, that the Honns' third appeal, Cause 31177-5-III, must be dismissed.

16

Even if the order were appealable, we agree with the Garretts' second procedural argument as well: the trial court's order can be affirmed on the basis that the Honns' motion to vacate was filed too late. There was no attempt to file the motion until July 2012 and it was not effectively filed until August. The Honns' motion asked the court to vacate or modify not only the arbitrators' third, June 2012 award, but the second award entered by the arbitrators in January 2012. Generally, a motion to vacate must be filed within 90 days after the movant receives notice of an award. RCW 7.04A.230(2). "The 90-day period established by [RCW 7.04A.230] is considered a statute of limitations." *MBNA Am. Bank, NA v. Miles*, 140 Wn. App. 511, 514, 164 P.3d 514 (2007).

The Honns attempt to excuse their untimeliness by claiming that the January award was an "initial arbitration award" and that "[t]he arbitration award was not complete and the parties agreed to give the arbitrators additional time to file a supplement to complete the award." CP at 362. They suggest that the award became final only when the arbitrators filed their award of attorney fees.

This characterization is belied by the record, which reveals no agreement by the parties to "give the arbitrators additional time." Rather, the second, January 2012 award included the arbitrators' decision that they would award attorney fees and it set a timeline for entertaining evidence and arriving at the amount. There was nothing in the award to suggest that it was not otherwise final. Calling the award "nonfinal" cannot be reconciled

17

with language requested in the February 2012 order confirming it, which characterized the order as a "final order on the issue of the option to purchase & sale contract, & all other matters raised at arbitration." CP at 242.

RCW 7.04A.230(2) unambiguously provides that, except where based on a late-discovered fraud or corruption, a motion to vacate must be filed "within ninety days after the movant receives notice of the award." The record on appeal includes a certificate of service of the award on the Honns by the Garretts on February 3, 2012; we do not know (nor do we need to know) whether the arbitrators provided the award to the Honns even earlier.

It was the second, January 2012 award that decided the terms of the real estate purchase on which the parties had been unable to agree. Any motion to vacate that award was required to have been filed by early May 2012 at the latest. We may affirm the trial court on any basis supported by the record. *In re Marriage of Rideout*, 150 Wn.2d 337, 358, 77 P.3d 1174 (2003). The Honns' motion to vacate the award based on the court's allegedly erroneous referral of unagreed real estate purchase terms to arbitration was untimely.

### III

The Honns' third assignment of error is that the *arbitrators* erred by ruling in December 2010 that they retained jurisdiction to determine the terms of a contract of sale from the Honns to the Garretts if the parties could not arrive at mutually agreeable terms.

18

We review a *trial court's* decision to confirm or vacate an arbitration award de novo. *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1311 (9th Cir. 2004). We do not engage in any direct review of the *arbitrators'* decisions at all. Our inquiry into an arbitrator's award is limited to any order of the superior court that confirms, vacates, modifies, or corrects it. *Barnett v. Hicks*, 119 Wn.2d 151, 157, 829 P.2d 1087 (1992). "Thus, in the case of an appeal from an arbitrator's award, an appellate court is strictly proscribed from the traditional full review." *Id.*

We have addressed the Honns' assignments of error to the trial court's orders. It is only the trial court's orders that are reviewable here.

IV

The Garretts have requested an award of attorney fees and costs on appeal. They rely on paragraph 16 of the lease, which provides:

> 16. Litigation: In the event either or both parties shall be reasonably required to retain an attorney to enforce any of the provisions of this Lease, the prevailing party in any such enforcement proceedings shall have awarded to them attorney's fees and costs to the extent reasonably incurred, in addition to such other relief as exists under the provisions of this Lease or by operation of law. Venue shall be in Whitman County, Washington.

CP at 19.

Under RCW 4.84.330, the prevailing party is entitled to attorney fees for actions on a lease where the lease provides for attorney fees. A party may request reasonable

19

attorney fees on appeal under RAP 18.1. The Garretts are the prevailing party on appeal. We award them attorney fees and costs subject to compliance with RAP 18.1(d).

We dismiss the Honns' appeals in Causes 30620-8-III and 31177-5-III. The trial court is affirmed in Cause 30668-2-III.

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, A.C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.