IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| WRIGHT REAL ESTATE SERVICES, INC., a Washington Corporation, | No. 77132-9-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| BELLE M. HILL and TERRY E. HILL, a marital community comprised thereof, | |
| Appellants. | FILED: October 15, 2018 |

CHUN, J. — The trial court entered two default judgments against Terry Hill and in favor of Wright Real Estate Services Inc. ("Wright"). Terry[1] moved to vacate the default judgments as void. The trial court granted the motion to vacate, but required Terry to post a $25,000 bond. After Terry failed to post the bond, the court reinstated the judgments.

We conclude that, once the trial court vacated the default judgments as void, it lacked the power to condition such vacatur on terms or reinstate the judgments. Accordingly, we vacate the default judgments against Terry and remand for trial.

I.

BACKGROUND

On August 18, 2015, Wright filed a complaint against Belle Hill for forgery, embezzlement, and conversion. After discovering Belle's marriage to Terry,

---

[1] For convenience, we refer to Terry Hill and Belle Hill by their first names. We mean no disrespect.

Wright contended Belle and Terry comprised a marital community and moved to amend its complaint to add Terry as a defendant. Both Belle and Terry opposed the motion. They argued that, while still legally married, they completely separated in fall 2009. They claimed they maintained separate finances and residences and rarely communicated with one another. The court granted Wright's motion to add Terry as a defendant.

Wright served Terry with its first discovery requests on January 30, 2016. When Terry responded on February 17, 2016, he did not produce any documents and objected to almost all the interrogatories.

On February 18, 2016, Terry filed a pro se notice of appearance.

On April 18, 2016, Wright moved to compel discovery and for sanctions against Terry. The court granted Wright's motion and ordered Terry to "provide complete answers to the Interrogatories and produce all documents as requested . . . within seven (7) days of the date of this Order." The court also ordered "that Plaintiff's counsel is awarded $500.00 in fines for bringing this motion which was necessitated by the conduct of Defendant Terry E. Hill." The court did not impose a deadline for payment of the fine.

On May 4, 2016, Terry submitted amended discovery responses. On May 13, 2016, Wright moved for contempt and a default judgment against both Belle and Terry. The majority of Wright's motion discussed Belle's failure to comply with discovery requests. With regard to Terry, the motion stated, "Terry has provided some documents and responses as required in Terry's Order on May 4, 2016; however, he has not paid the $500 fine imposed by the Court." The

motion additionally asserted, "Terry has failed to pay the Court ordered fine and therefore is in contempt of the Court's Order. Entry of an order of default is the appropriate sanction."

On May 19, 2016, Terry responded to the contempt motion, claiming he did not know the procedure for paying the fine and thought he would receive an invoice. Terry promised to pay the fine. Later that day, he fulfilled this obligation.

Nevertheless, on June 6, 2016, the court held Terry in contempt and entered a default judgment against him as to liability. The court, however, noted Terry had paid the $500 fine on May 19.

Wright next moved for a default judgment as to damages. Terry responded on June 24, 2016, noting he and Belle had completely separate finances and that the motion for default judgment as to damages only referenced Belle's actions. The court granted Wright's motion and entered a default judgment against both Terry and Belle as to damages on August 9, 2016.

Terry then hired counsel and filed a motion to vacate the default judgments under CR 60(b)(5) on October 26, 2016. Terry argued the default judgments were void because the court violated due process when it held him in contempt. On May 16, 2017, the court granted Terry's motion to vacate. The order provided, "the judgment and order of default as to defendant Terry Hill only is hereby vacated. Defendant is required to post a bond in the amount of $25,000 no later than June 15, 2017."

On May 30, 2017, Terry filed a motion for reconsideration, asking the court to reevaluate its decision to impose the bond as a term on vacating the default

judgments. Terry claimed the bond was not related to the reasons for entering the default judgments. On June 7, 2017, the court denied Terry's motion.

June 15, 2017 passed without Terry posting the bond. On June 27, 2017, Wright moved to strike the trial date, strike the order setting pretrial conference, and reinstate the default judgments against Terry. In response, Terry detailed his unsuccessful attempts to secure the money from a bond company and from friends and family. On July 7, 2017, the trial court reinstated the default judgments against Terry.

On July 13, 2017, Terry appealed the May 16, 2017 order granting his motion to vacate and imposing the bond, the June 7, 2017 order denying his motion for reconsideration of the bond, and the July 7, 2017 order reinstating the default judgments.

## II.
## ANALYSIS

A.    Timeliness of the Appeal

Wright argues this court does not have jurisdiction to hear the appeals of the order granting motion to vacate and order denying motion for reconsideration because Terry untimely appealed. Terry argues these orders are reviewable as part of his appeal of the order reinstating the default judgments. We agree with Terry.

Typically, a party must file an appeal within thirty days after the court enters the order the party wants reviewed. See RAP 5.2(a). However, litigants do not need to appeal every appealable order and can instead wait to appeal the

final order or judgment. Fox v. Sunmaster Prods. Inc., 115 Wn.2d 498, 505, 798 P.2d 808 (1990). A final order or judgment "finally determines the rights of the parties in the action." Wlasiuk v. Whirlpool Corp., 76 Wn. App. 250, 255, 884 P.2d 13 (1994).

Under RAP 2.4(b) an "appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." Under this rule, "[i]f a timely notice of appeal is filed from that decision, the appellate court will review prior orders and judgments, even those which were immediately appealable, if they prejudicially affect the final judgment." Franz v. Lance, 119 Wn.2d 780, 781, 836 P.2d 832 (1992) (citing Fox, 115 Wn.2d at 505).[2] A prior order prejudicially affects the final judgment "if the order appealed cannot be decided without considering the merits of the previous order." Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 105 Wn. App. 813, 21 P.3d 1157 (2001).

Here, the trial court entered the default judgments against Terry on June 6, 2016 and August 9, 2016. Instead of immediately appealing, Terry moved to vacate both judgments and litigation continued. It was not until July 7, 2017, when the court granted Wright's motion to reinstate the default judgments,

---

[2] Franz was effectively overruled by RAP 2.2(a) to the extent it allowed an appeal on the merits from an appeal of an attorney fees award. RAP 2.2, however, did not affect the law allowing review of previously appealable orders as part of an appeal of a final judgment.

that the parties' rights were finally determined in the action. Terry appealed shortly thereafter on July 13, 2017.

Both the order granting motion to vacate and order denying motion for reconsideration are reviewable as part of this court's review of the final order under RAP 2.4(b), because they prejudicially affect the final order. The orders were entered before this court accepted review, and the reinstatement of the default judgments hinges on the propriety of the underlying order to vacate with the bond term. Accordingly, under RAP 2.4(b), review of both the order granting motion to vacate and order denying motion for reconsideration fall within the scope of review of the final order (the order reinstating the default judgments).

Wright asserts the collateral bar rule precludes review of the first two orders. This rule "prohibits a party from challenging the validity of a court order in a proceeding for violation of that order." City of Seattle v. May, 171 Wn.2d 847, 852, 256 P.3d 1161 (2011) (citations omitted). But Terry does not challenge the validity of the original default judgment; rather, he challenges the trial court's decisions to impose a term on the order granting the motion to vacate, denying his motion for reconsideration, and reinstating the default judgments after ruling they were void.[3] Thus, the collateral bar rule does not apply.

Because the order granting motion to vacate and order denying motion for reconsideration are reviewable under RAP 2.4(b), we conclude there is jurisdiction to review all three orders Terry cited in his notice of appeal.

---

[3] That Terry does not challenge the original default judgment moots Wright's argument that review of the order granting motion to vacate does not include review of the underlying judgment.

B.     Reinstatement of the Void Judgments

Terry argues, once the court vacated the default judgments as void, it lacked the authority to reinstate the judgments for failure to post the bond. Wright responds the default judgments were neither void nor vacated.[4] We agree with Terry.

Appellate courts review de novo whether a trial court erred in granting a motion to vacate a judgment as void. Dobbins v. Mendoza, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997).

Under CR 60(b)(5), a party may request that a trial court to vacate a void judgment. "A judgment, decree or order entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void." Dike v. Dike, 75 Wn.2d 1, 7, 448 P.2d 490 (1968). If a judgment is void, the court has no discretion and must vacate it. Chai v. Kong, 122 Wn. App. 247, 254, 93 P.3d 936 (2004). Furthermore, the trial court is obligated to vacate a void judgment without terms. See Pamelin Indus., Inc. v. Sheen-U.S.A., Inc., 95 Wn.2d 398, 403, 622 P.2d 1270 (1981) (noting since a "judgment was not void . . . the court was not obligated to vacate it without terms").

Here, the parties dispute whether the trial court vacated the original default judgments as void, because the order vacated the judgments without

_____

[4] Wright claims the trial court never vacated the default judgments because the court conditioned the vacation on Terry posting the bond. The record does not support this contention. In its order granting motion to vacate, the court did not use conditional language to impose the term and explicitly stated "the judgment and Order of default as to defendant Terry Hill only is hereby vacated."

explanation. However, an order vacating a final judgment must be based on one of the grounds set forth in CR 60(b). State v. Keller, 32 Wn. App. 135, 140–41, 647 P.2d 35 (1982). Terry moved to vacate *only* under CR 60(b)(5). Therefore, the order granting motion to vacate relied on CR 60(b)(5) and vacated the default judgments as void. Because no party assigns error to the trial court's decision to vacate the judgments, we treat the default judgments as void.[5]

Once the trial court ruled the default judgments were void, it was required to vacate them. Because void judgments must be vacated, the court did not have discretion to attach a term or reinstate the void judgments when Terry did not satisfy the term.

### C.    Improper Bias

Terry requests the matter be reassigned to a new trial judge because of bias. Wright claims this court may not properly review Terry's request because he did not raise it below. We decline to consider the merits of this claim.

Typically, a party who fears their judge is biased requests a new judge through a motion for recusal in the trial court. State v. McEnroe, 181 Wn.2d 375, 386, 333 P.3d 402 (2014). This procedure both enables the trial judge to consider the issue first and creates a sufficient record to determine whether the

---

[5] Wright contests that the trial court found the default judgments were void because the court did not specifically state a basis for vacating the judgments in its order. Wright also makes the bare assertion the default judgments were not void because the court had jurisdiction and inherent power to enter them. However, this argument appears to support only Wright's interpretation of the trial court's order, and is not an attempt to challenge here the order granting motion to vacate. Indeed, Wright did not appeal the order when the court first entered it and, as Wright did not cross-appeal, it cannot challenge the order now. See State v. Sims, 171 Wn.2d 436, 441–42, 256 P.3d 285 (holding the State could not challenge the criminal defendant's sentence in its entirety after the defendant appealed only a single sentencing condition).

judge's bias may be reasonably questioned on appeal. McEnroe, 181 Wn.2d at 386. Nonetheless, a litigant may ask for reassignment for the first time on the appeal if "the issue raised on appeal is also the basis for the reassignment request" such that "the trial judge will exercise discretion on remand regarding the very issue that triggered the appeal." McEnroe, 181 Wn.2d at 387.

Here, Terry did not raise the issue of impartiality below. Furthermore, on remand, the trial court will not need to reconsider the vacation of the default judgments. As such, we deny Terry's request for reassignment.

D.    Attorney Fees

Wright requests attorney fees and costs under RAP 18.9(a) for a frivolous appeal on the basis the appeal was untimely. Because Terry timely appealed all three orders cited in his notice of appeal, his appeal was not frivolous. Accordingly, we deny Wright's request for attorney fees.

We reverse and remand for trial.

_Chun,␣J._

WE CONCUR:

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2018 OCT 15 AM 8:20