IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| NEIL GRENNING, | ) | |
| | ) | No. 39458-1-III |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| DEPARTMENT OF CORRECTIONS, A | ) | |
| SUBDIVISION OF THE STATE OF | ) | |
| WASHINGTON | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, J. — Neil Grenning, incarcerated by the Washington Department of

Corrections (DOC), appeals an order declaring DOC to have violated the Public Records

Act (PRA), but denying Grenning bad faith penalties. We do not address the merits of

Grenning's appeal. We dismiss the appeal as untimely.

FACTS

On October 15, 2020, Neil Grenning, then incarcerated at Airway Heights

Corrections Center, filed a grievance with DOC for confiscating a judicial opinion mailed

to him by the Washington Supreme Court. On October 30, Grenning met with DOC

Grievance Coordinator Jason Martin, who showed Grenning emails indicating the

opinion was mailed to him in error. According to Grenning, the emails contained an

unredacted email from the Attorney General's Office (AGO) advising DOC that, if

Grenning had received the opinion, DOC should return it to him.

On November 13, 2020, Neil Grenning filed a Public Records Act (PRA) request

with DOC for all documents concerning his grievance, including the emails shown to him

by Jason Martin. DOC provided the emails to Grenning, but DOC heavily redacted the

email sent by the AGO to DOC before forwarding it to Grenning. DOC claimed the

attorney-client and work product privileges shielded the redacted segments from

production.

## PROCEDURE

On June 29, 2021, Neil Grenning filed suit against DOC for violating the PRA.

He sought disclosure of the records sought by his PRA request and bad faith penalties.

On March 30, 2022, Neil Grenning filed a motion to compel discovery and a

motion for in-camera review of the records. He argued DOC waived any privilege when

DOC Grievance Coordinator Jason Martin showed him the unredacted email.

On August 31, 2022, the superior court issued a thorough letter ruling in Neil

Grenning's favor. The court ruled that DOC violated the PRA by redacting the one

email. According to the court, DOC waived any privilege and attorney work product

protections when Jason Martin showed the email to Grenning. Nevertheless, the superior

court denied Grenning bad faith penalties because DOC did not act maliciously when

redacting an email it reasonably believed to be protected. On September 22, 2022, the superior court signed an order confirming its letter ruling.

On October 4, 2022, Neil Grenning filed a motion for reconsideration. According to Grenning, he could not file his motion for reconsideration until October 4 because Airway Heights Corrections Center policy only permitted sending legal mail on Tuesdays and Thursdays. October 2, 2022 was a Sunday; October 4, 2022 was a Tuesday. On October 10, 2022, the superior court denied Grenning's motion for reconsideration as untimely because the 10-day period had expired on October 2. According to the court's ruling, the motion must have been mailed on October 2, 2022 for it to be timely. On October 6, 2022, Neil Grenning filed a motion for summary judgment on his purported remaining arguments. In response, DOC argued that no remaining claims pended before the superior court because the court found a violation of the PRA, ordered DOC to produce the e-mail, and denied the request for penalties. The superior court agreed with DOC and, on December 6, 2022, the court struck the hearing on Grenning's summary judgment motion.

On December 20, 2022, Neil Grenning filed this appeal. The notice of appeal came two months after the September 22 order.

## LAW AND ANALYSIS

The State asks that we dismiss this appeal on the basis that Neil Grenning untimely filed his notice of appeal. We grant this request.

3

Under RAP 2.2, a party may appeal any "final judgment entered in any action or proceeding" or any "final order made after judgment that affects a substantial right." RAP 2.2(a)(1), (13). CR 54 defines a judgment as "a final determination of the rights of the parties in the action and includes any decree or order from which an appeal lies." CR 54(a)(1). CR 54 defines an order as "every direction of a court or judge, made or entered in writing, not included in a judgment." CR 54(a)(2).

Under RAP 5.2(a), a party seeking review of a trial court's decision must file a notice of appeal with the trial court within thirty days of the decision's entry. RAP 5.2(a)(1). If, however, a party files a timely motion for reconsideration under CR 59, the thirty-day deadline to file an appeal does not begin until entry of an order deciding the motion. *See* RAP 5.2(a)(2); 5.2(e)(1). Under CR 59, a motion for reconsideration is timely if it is filed within ten days of the judgment, order, or decision for which the party seeks reconsideration. *See* CR 59(b). A trial court may not extend the deadline to file a motion for reconsideration. *See* CR 6(b).

Under RAP 18.8, an appellate court will only grant a party an extension of the deadline to file a notice of appeal in "extraordinary circumstances" to "prevent a gross miscarriage of justice." RAP. 18.8(b). The "desirability of finality of decisions" generally prevails over an appellant's privilege to "obtain an extension." *See* RAP 18.8(b).

4

The superior court entered a final order finding a violation of the PRA, but denying bad-faith penalties, on September 22, 2022. The September 22 order triggered the thirty-day period to appeal. *See* RAP 5.2(a)(1). Neil Grenning needed to file his notice of appeal by October 22. He filed his notice on December 20, 22.

The superior court's final September 22 order also triggered the ten-day deadline to file a motion for reconsideration, which elapsed on October 2, 2022. *See* CR 59(b). Neil Grenning filed his motion on October 4, 2022. Under GR 3.1(a), the "mailbox rule," if an incarcerated person deposits a filing into their institution's internal mail system by the deadline, the filing will be deemed "timely." GR 3.1(a). Nevertheless, for the mailbox rule to apply, an incarcerated person must use his institution's system for legal mail, assuming one exists. GR 3.1(c). If Grenning had placed his motion for reconsideration in his institution's internal mail system by October 2, he would have timely filed it under the mailbox rule. *See* CR 59(b); GR 3.1(a).

Neil Grenning did not place his motion in the internal system until October 4. While institution policy may not have *sent* his motion until Tuesday, October 4, Grenning presents no evidence that he could not have placed the motion in the internal mail system by October 2. Grenning cites no law suggesting the failure of DOC to mail his motion until October 4 tolled the deadline for filing the motion. Again, GR 3.1(a) would have deemed the filing timely if Grenning deposited the motion with the institution system on October 2.

Because Neil Grenning's motion for reconsideration was untimely, the motion did not toll the thirty-day period to appeal. In *Schaefco v. Columbia River Gorge Commission*, 121 Wn.2d 366, 368, 849 P.2d 1225 (1993), the appellants filed, but did not serve the defendants, a motion for reconsideration within the ten-day period. The Washington Supreme Court held the appellant's later appeal was untimely because the motion for reconsideration did not toll the thirty-day period. For their appeal to be timely, the appellants had to file it within thirty-days of the same decision for which they sought reconsideration. When discussing a potential extension, the court held the appellants had neither provided a sufficient excuse for their untimeliness, nor presented "sound reasons" to rebut the statutory policies.

Neil Grenning's appeal parallels the appeal in *Schaefco v. Columbia River Gorge Commission*. Grenning's motion for reconsideration was untimely, even if its circumstances are moderately sympathetic. As the motion was untimely, Grenning's deadline cannot be tolled.

Even assuming Neil Grenning timely filed the motion for reconsideration, the court denied the motion on October 10, 2022. This triggered the thirty-day deadline to appeal, which expired on November 10, 2022. *See* 5.2(e)(1). To repeat, Grenning filed the appeal on December 20.

Neil Grenning attempts to avoid dismissal of his appeal by asserting that he appeals the superior court's December 6, 2022 "decision" striking his hearing.

6

Nevertheless, under RAP 5.2(e), a trial court striking a hearing on summary judgment does not toll the period to appeal. *See* RAP 5.2(e). Also, Grenning does not assign error to the decision to strike his hearing on summary judgment or his hearing on the motion for reconsideration. He only assigns error to the rulings of the superior court in its letter ruling and final September 22 order. *See* Clerk's Papers at 17; Br. of App't. 2-3.

Neil Grenning cites *Fox v. Sunmaster Products, Inc*., 115 Wn.2d 498, 798 P.2d 808 (1990), to support his claim of timeliness. In *Fox*, the Washington Supreme Court examined whether a party could appeal an order months after it was issued. Grenning misconstrues the holding in *Fox*. *Fox* involved a CR 54(b) issue where the appellant sought review of final orders dismissing one party only after entry of final orders dismissing other parties. Grenning conflates "partial" orders that end one party's involvement in a case with the final orders in his case, which he claims were only "final" as to one of his PRA arguments.

*Fox* mentions that a party cannot always know, when the first adverse appealable order is entered, if review of that decisions will ever be necessary. *Fox v. Sunmaster Products, Inc*., 115 Wn.2d 498, 505 (1990). Neil Grenning attempted to file a motion for reconsideration. Thus, he understood the finality of the September 22 order.

### CONCLUSION

We dismiss Neil Grenning's appeal as untimely.

7

No. 39458-1-III
*Grenning v. Department of Correction*


A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey C.J.

_____
Cooney J.