[No. 35049. Department One. March 13, 1959.]

MYRA E. MAYBURY, *Plaintiff*, v. THE CITY OF SEATTLE, *Defendant and Relator*, THE SUPERIOR COURT FOR KING COUNTY, *George H. Revelle, Judge, Respondent.*[1]

*A. C. Van Soelen* and *R. H. Siderius*, for relator.

*Weyer, Roderick, Schroeter & Sterne*, for plaintiff.

FOSTER, J.—The city of Seattle petitions for a writ of certiorari to review an interlocutory order.

Plaintiff sued the city of Seattle for personal injuries arising out of an accident on one of the city's buses. On January 5, 1959, by pretrial order, the court determined that there was no genuine issue as to any material fact with respect to the city's liability for the alleged damage sustained by the plaintiff, and limited the trial to the issue of damage alone. Although the order in question is labeled "Order for Summary Judgment," the title is a misnomer and is misleading,

[1] Reported in 336 P. (2d) 878.

for it is not a judgment but is more nearly akin to a pretrial order under Rule of Pleading, Practice and Procedure 16, 34A Wn. (2d) 80, limiting the issues to be tried.

The summary judgment rule,[2] so far as material, is as follows:

"(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim, or to obtain a declaratory judgment may, at any time after the expiration of the period within which the defendant is required to appear, or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. . . .

"(c) . . . A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

"(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action, the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

The question for decision is whether this court will review, by certiorari, pretrial orders in advance of trial.

Only a final judgment may be appealed. Rule on Appeal 14, 34A Wn. (2d) 20, so far as material, is as follows:

"Any party aggrieved may appeal to the supreme court in the mode prescribed in these rules from any and every of the following determinations, *and no others*, made by the superior court, or the judge thereof, in any action or proceeding:

---

[2]Rule of Pleading, Practice and Procedure 19, 34A Wn. (2d) 81, as amended, effective November 1, 1955.

"(1) From the final judgment entered in any action or proceeding. An appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment. . . ." (Emphasis supplied.)

Upon appeal from a final judgment, however, any interlocutory order will be reviewed pursuant to Rule on Appeal 17, 34A Wn. (2d) 24, which is as follows:

"Upon an appeal from a judgment, the supreme court will review any intermediate order or determination of the superior court which involves the merits and materially affects the judgment, appearing upon the record sent from the superior court."

Thus it is clear that the claimed error of the superior court, in limiting the trial of this case to the question of damage, may be reviewed by appeal from the final judgment. Both parties agree that an order under subdivision 1(d) of the summary judgment rule,[2] limiting the issues to be tried, is not a final judgment and is, therefore, not appealable, and that the error, if any, in such an order may be reviewed upon appeal from the final judgment. The cases will be found collected in 3 Barron and Holtzoff, Federal Practice and Procedure (Rules ed.), 187, § 1241, and 6 Moore's Federal Practice (2d ed.) 2311, ¶ 56.20[4].

Moore declares:

"It has been pointed out that Rule 56 provides for a 'partial summary judgment', namely, a summary judgment that is not rendered upon the whole case or for all the relief asked; but that the term 'partial summary judgment' is usually a misnomer, and that a more accurate term would be an interlocutory summary adjudication. The first edition of the Treatise stated:

"'Since Rule 54(a) defines "judgment" as used in the Federal Rules as including a decree and "any order from which an appeal lies," it might be contended that a partial summary judgment rendered under Rule 56 is, by virtue of the definition in Rule 54(a), an appealable judgment. But this contention fails for two reasons:

"'1. Rule 56(d) expressly provides the procedure for dealing with a partial summary judgment. It is clear from Rule 56(d) that a partial summary judgment is not a final

judgment, [nor appealable unless this particular interlocutory order is made appealable by statute,] but is merely a pre-trial adjudication that certain issues in the case shall be deemed established for the trial of the case. Such an adjudication is on a par with the preliminary order formulating issues under Rule 16.

" '2. As pointed out in the discussion of Rule 54(b), it was the policy of the draftsmen of the Federal Rules to continue the policy under the former practice of not allowing interlocutory appeals, except where specifically provided for by a statute of the United States.'

"This position is fully sustained by the courts and by the Advisory Committee. Rule 56 is not intended to affect appellate jurisdiction. It does not make any interlocutory order appealable." 6 Moore's Federal Practice (2d ed.) 2311, ¶ 56.20 [4].

Barron and Holtzoff state:

"Under these provisions, if the court finds that a summary judgment cannot be granted because there are genuine issues of material facts to be tried, it is empowered to save time and expense and greatly simplify the trial by making the order specified in Rule 56(d). This order is similar to the order made upon a pretrial hearing under Rule 16." 3 Barron and Holtzoff, Federal Practice and Procedure (Rules ed.), 187, § 1241.

See, also, *Borges v. Art Steel* Co., 243 F. (2d) 350; *E. I. Du-Pont DeNemours & Co. v. United States Camo Corp.*, 19 F. R. D. 495; *Delta Theatres v. Paramount Pictures*, 259 F. (2d) 563.

Counsel for the city rely strongly on *Federal Glass Co. v. Loshin*, 217 F. (2d) 936, but ignore the subsequent appeal in the same case, 224 F. (2d) 100. We find nothing in the opinion on the first appeal that is of controlling importance. While it is true that the order appealed from denied a motion for summary judgment, it was not appealable on that account but because it denied an application for a temporary injunction, which is appealable under the Federal interlocutory appeals statutes.[3] Of this case, Barron and Holtzoff say:

[3] 28 U. S. C. A., §§ 1291, 1292, as amended. The opinion is of very doubtful standing in view of the decision on a subsequent appeal in the same case, 224 F. (2d) 100.

". . . But in Federal Glass Co. v. Loshin [217 F. (2d) 936] a panel of the Second Circuit analyzed the problem in full, rejected the precedents from the Third Circuit, and held, over a strong dissent, that such a denial of summary judgment is appealable. That case later came on for hearing on the merits before a different panel of the Second Circuit which felt bound to entertain the appeal, but which stated its disagreement with the earlier decision and its belief that the Supreme Court 'is not likely to look with favor on this new inroad upon the traditional federal policy against piecemeal appeals.' " 3 Barron and Holtzoff, Federal Practice and Procedure (Rules ed.), 196, 197, § 1242.

▐ Nor can this order be reviewed here by certiorari. It is not the function of this court to interfere in the ordinary process of litigation in the superior courts prior to final judgment, but our power, under the constitution, is appellate only and limited to a review of such matters by appeal from the final judgment. In *Pullman Co. v. Fleishel* (Fla. App.), 101 So. (2d) 188, the court was asked to review, by certiorari, an order denying a motion for summary judgment. That court aptly remarked that it would review an interlocutory order by certiorari only if it related to venue or jurisdiction over the person. The reasons such orders cannot be reviewed in advance of trial were aptly stated by that court as follows:

"To grant the writ that petitioner here seeks would go far toward breaking down the orderly administration of justice in the trial courts of this State, and would serve to inject this court into the trial of every case it may be ultimately called upon to review. As we stated in a recent case involving the review of interlocutory orders by certiorari, 'In the orderly process for the administration of justice appellate courts should cautiously avoid intrusion and encroachment upon the trial jurisdiction of the circuit court. It is not the function of an appellate court to inject itself into the middle of a lawsuit and undertake to direct the trial judge in the conduct of the case. * * * [however], If after the cause is tried and a final judgment is entered the petitioner-appellant then deems itself aggrieved by some irregularity * * * the time will be ripe to review the matter on appeal * * * . Until that time arrives, however, this Court is not in a position to evaluate properly the correctness of the vari-

ous interlocutory rulings of the trial judge.' " *Pullman Co. v. Fleishel* (Fla. App.), 101 So. (2d) 188, 190.[4]

The reasons fragmentary appeals cannot be countenanced are well stated by the circuit court of appeals (C. C. A. 4th) in *Chadbourn Gotham, Inc. v. Vogue Mfg. Corp.*, 259 F. (2d) 909, in their quotation from *Flynn & Emrich Co. v. Greenwood*, 242 F. (2d) 737, as follows:

" 'It would doubtless be convenient to the parties for us to pass upon this affirmative defense in advance of the trial of the case, but it would establish a precedent which might be very harmful in the administration of justice. The rule of the statute forbidding fragmentary appeals is a wise and salutary one, not only from the standpoint of protecting the appellate courts from an unnecessary burden, but also from the standpoint of a proper administration of justice. The delays which have resulted from allowing interlocutory appeals, in the states which permit them, have been a source of criticism; and every judge knows that an appellate court can handle a case much more understandingly after final disposition, than by piecemeal decisions in interlocutory orders.' "

The orderly administration of justice demands that we refrain from reviewing pretrial orders in advance of trial. Any error in such an order may be reviewed only by appeal from the final judgment.

The prime purpose of all of the new rules, but more particularly the summary judgment rule, is to secure the "just, speedy, and inexpensive determination of every action." [5] To now introduce an interlocutory appeal, where none existed previously, would put the whole process in reverse. Piecemeal appeals of interlocutory orders must be avoided in the interests of speedy and economical disposition of judicial business. To review the order complained of by certiorari would completely frustrate the very purpose of the summary judgement rule.

Writ denied.

MALLERY, DONWORTH, and HUNTER, JJ., concur.

HILL, J., concurs in the result.

---

[4] See, also, *Board of Com'rs of State Institutions v. Tallahassee Bank & Trust Co.* (Fla. App.), 101 So. (2d) 411.

[5] Federal Rule of Civil Procedure 1.