232 P.3d 591 (2010)
George H. MINEHART II, Petitioner,
v.
MORNING STAR BOYS RANCH, INC., fka Spokane Boys Ranch, Inc., a Washington corporation; Father Joe Weitensteiner, individually, Respondents and Cross-Petitioners.
No. 28981-8-III.
Court of Appeals of Washington, Division 3.
June 8, 2010.
*593 Derek P. Radtke, Ralph Glenn Phillips, Phillips & Webster PLLC, Woodinville, WA, Martin Gales, Attorney at Law, Spokane, WA, for Petitioner.
James B. King, Christopher Joseph Kerley, Evans, Craven & Lackie, P.S., Michael Early McFarland Jr., Attorney at Law, Spokane, WA, for Respondents and Cross-Petitioners.
KORSMO, A.C.J.
¶ 1 The parties have brought competing motions for discretionary review of rulings on various motions in limine in a pending trial in the Spokane County Superior Court.[1] The matter was referred to a panel of judges for consideration pursuant to RAP 17.2(b). The parties appeared for oral argument. The motions for discretionary review are both denied. We exercise the discretion granted by RAP 17.6(b) to explain our reasoning in this opinion.

FACTS
¶ 2 This is the second of some 19 separate actions brought by individuals who formerly lived at Morning Star Boy's Ranch, Inc. (MSBR).[2] Each case, we are told, involves allegations that the plaintiff was sexually abused by MSBR director Father Joe Weitensteiner and/or other members of the staff of the facility. In addition to having Fr. Weitensteiner found individually liable, the plaintiffs seek to hold MSBR liable for damages on various theories including civil conspiracy.[3]
¶ 3 The first trial resulted in the jury returning a defense verdict. The parties renewed their motions in limine for the second trial involving claims by plaintiff George Minehart II. As relevant here, the trial court excluded testimony from other former MSBR residents[4] who allege they were sexually abused while resident at the ranch if the witness failed to report the incident to MSBR employees or authorities. The court permitted testimony of other residents who did report abuse. In each instance the trial court weighed the prejudicial impact of the proposed testimony against its probative value. Where the abuse was reported, the court found the testimony admissible in support of the conspiracy and vicarious liability theories as tending to prove knowledge by MSBR. Where the abuse was not reported, the court determined that the evidence was more prejudicial than probative.
¶ 4 Mr. Minehart seeks discretionary review of the decision to exclude six of his proposed witnesses and the limitations placed on the testimony of a seventh. The defendants seek review of the court's decision to permit testimony from five former residents, as well as testimony from investigators and an expert witness. They also allege the trial court should not have suppressed evidence that Fr. Weitensteiner passed a polygraph examination.

ANALYSIS
¶ 5 Interlocutory review is disfavored. Maybury v. City of Seattle, 53 Wash.2d 716, 721, 336 P.2d 878 (1959). "Piecemeal appeals of interlocutory orders must be avoided in the interests of speedy and economical disposition of judicial business." Id. Pretrial review of rulings confuses the functions of trial and appellate courts. A trial court finds facts and applies rules and statutes to the issues that arise in the course of a trial. An appellate court reviews those rulings for legal error and considers the *594 harm of the alleged error in the context of its impact on the entire trial. An appellate court is not competent to review most evidentiary rulings when a trial has not yet occurred both because it does not find its own facts and because it is incapable of assessing the impact of the evidence on the whole case.
¶ 6 Interlocutory review is available in those rare instances where the alleged error is reasonably certain and its impact on the trial manifest. RAP 2.3(b) defines four situations in which an appellate court may grant pretrial review. Only the first two of those criteria are argued by the parties:
(1) The superior court has committed an obvious error which would render further proceedings useless;
(2) The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act.
RAP 2.3(b)(1), (2).[5] Under these criteria, there is an inverse relationship between the certainty of error and its impact on the trial. Where there is a weaker argument for error, there must be a stronger showing of harm.[6]
¶ 7 An appellate court reviews a trial court's evidentiary rulings for abuse of discretion. E.g., State v. Powell, 126 Wash.2d 244, 258, 893 P.2d 615 (1995); Kappelman v. Lutz, 167 Wash.2d 1, 6, 217 P.3d 286 (2009). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971). Thus, even where an appellate court disagrees with a trial court, it may not substitute its judgment for that of the trial court unless the basis for the trial court's ruling is untenable. An errant interpretation of the law is an untenable reason for a ruling. State v. Tobin, 161 Wash.2d 517, 523, 166 P.3d 1167 (2007).
¶ 8 With these well-settled principles in mind, it is clear that discretionary review is not warranted in this case. The court determined which evidence of other incidents of sexual abuse would be admitted or excluded on ER 404(b) grounds, after applying the four-part test established by our case law. State v. Lough, 125 Wash.2d 847, 889 P.2d 487 (1995).[7] It is the job of the trial judge to decide what evidence will be presented to a jury. ER 104.[8]
¶ 9 Mr. Minehart proposed to offer the evidence of other incidents of sexual abuse for two purposes: knowledge on the part of MSBR, and common plan. In determining whether the incidents occurred, the trial court reviewed the deposition testimony offered by the parties, and explained her *595 decision as turning largely on the presence or absence of evidence to corroborate the witnesses' present testimony that the abuse occurred. The corroborating evidence identified by the trial court was limited in this case to whether the incidents were reported to authorities. Plaintiff attacks the trial court's decision that it did not believe several of the witnesses, while defendants attack the trial court's determination that some of the abuse did occur. These arguments do not establish error. Credibility determinations are peculiarly matters for the trier-of-fact and may not be second-guessed by an appellate court. Thorndike v. Hesperian Orchards, Inc., 54 Wash.2d 570, 572, 575, 343 P.2d 183 (1959); Quinn v. Cherry Lane Auto Plaza, Inc., 153 Wash.App. 710, 717, 225 P.3d 266 (2009).
¶ 10 In determining relevance and probative value, the trial court concluded that for "knowledge" purposes, the evidence of reported incidents was relevant and highly probative, indicating that MSBR had knowledge that could then be imputed to it for vicarious liability, including conspiracy. For "common plan" purposes, the trial court determined that the specific acts with respect to the reported incidents were very similar and the plaintiff's need for the evidence was high. These appear to be tenable grounds for ruling and do not establish the existence of either obvious or probable error. Equally important, the record does not support a determination that trial proceedings were rendered useless or substantially altered the status quo.
¶ 11 The parties' arguments do not satisfy the obvious or probable error standards of RAP 2.3(b)(1) and (2).
¶ 12 The parties also challenge the trial court's exercise of the balancing of the probative value of the evidence versus its prejudicial impact, which is the final step of the ER 404(b) analysis. This type of ruling, too, is one that an appellate court simply is not in a position to meaningfully review where there has been no trial. The trial court had the benefit of assessing the importance of this evidence in the first trial and is in a far better position at this time to determine the value and the prejudice of the information. Neither party has demonstrated error, let alone such significant error that the standards of either criterion have been satisfied. In view of the fact that the plaintiff is permitted to introduce several other instances of abuse and the defendants successfully defended the previous case even though the same evidence was admitted, we also do not see how either could establish the prejudice prong of either RAP 2.3(b)(1) or (2).
¶ 13 Mr. Minehart also argues that ER 404(b) should not be applicable to a case of civil conspiracy, pointing to RCW 10.58.090. That statute permits use of evidence of prior sexual abuse in a criminal case, notwithstanding ER 404(b), if the evidence satisfies ER 403. The critical point here is that the statute expressly limits itself to criminal cases. RCW 10.58.090(1).[9] The trial court could not be committing either obvious or probable error by ignoring a statute that by its express terms is not applicable to a civil case. This argument, too, does not justify review.
¶ 14 The decision to admit or exclude evidence of prior sexual abuse does not warrant this court's intervention. Discretionary review of those rulings is denied.
¶ 15 Defendants also argue that the court committed obvious error by permitting evidence of a Department of Social and Health Services (DSHS) investigation of MSBR in the 1970s, and allowing plaintiff's expert to testify to legal matters. They also challenge the decision to exclude mention of Fr. Weitensteiner's successful polygraph examination. In view of their successful defense in the first trial despite the admission or exclusion of this same evidence, it does not appear that the defendants can establish that further trial proceedings have been rendered useless. RAP 2.3(b)(1).
¶ 16 With respect to the challenges to written documentation of the DSHS investigation, any ruling appears to be premature. While permitting that evidence in the first trial due to "unusual circumstances," the trial court's written ruling indicates that whether the evidence is admitted at Mr. Minehart's trial will be dependent *596 upon developments at trial. This is not unusual. Motions in limine often are tentative and subject to change at trial. Powell, 126 Wash.2d at 256-257, 893 P.2d 615. Defendants have not shown that obvious error occurred in reserving this ruling for trial. Defendants also argue that the court erred by permitting testimony from DSHS workers about their investigation. The status of this record simply does not allow us to determine whether significant error has occurred. Whether this evidence is unduly prejudicial to the defendants depends on the entirety of the evidence produced at trial. We cannot competently assess it now without having a developed trial record.
¶ 17 The defendants also challenge the scope of expert witness testimony. However, this court has not been provided with the necessary record to assess these claims. There is no transcript, nor is there any written ruling to consider. On the basis of this record, defendants cannot show that any error occurred.
¶ 18 Finally, the defendants argue that Fr. Weitensteiner's polygraph examination should not have been excluded. Polygraph evidence is normally not admissible at trial unless the parties have stipulated to its use. State v. Justesen, 121 Wash.App. 83, 86, 86 P.3d 1259, review denied, 152 Wash.2d 1033, 103 P.3d 202 (2004). There was no stipulation in this case. The court did not commit obvious error when it excluded the evidence.
¶ 19 Mr. Minehart also argues that review ought to be accepted because there are 17 additional cases that would benefit from this court's decision, so it would be in the interest of judicial economy to grant review. Promotion of judicial economy is the primary reason that interlocutory review is not favored. Maybury, 53 Wash.2d at 721, 336 P.2d 878. The policy of judicial economy is not one of the four permissible bases for granting discretionary review under the modern rules. RAP 2.3(b).
¶ 20 Even if the interests of judicial economy independently justified interlocutory review in some cases,[10] it does not do so in this case. Evidence rulings are fundamentally tied to the ebb and flow of trial. Despite the best laid plans of counsel, the trial testimony may be other than expected and the quantum and quality of the evidence different than originally anticipated. Skilled and experienced attorneys have to adjust during the course of trial, and the court's evidentiary rulings may likewise have to adjust. Evidence that is admitted (or excluded) in Mr. Minehart's case might be excluded (or admitted) in the next trial. There simply are too many variables, and too many assumptions about what will happen at trial, for an appellate court to properly intervene prior to trial on issues of evidence. Instances where that can happen will be very rare and are likely to raise significant legal issues that might not be reviewable after trial. E.g., State v. Rivard, 131 Wash.2d 63, 68, 929 P.2d 413 (1997) (court reviewed pretrial evidence suppression raising novel issue concerning implied consent statute).
¶ 21 The impact of pretrial evidence rulings also will significantly vary from case to case. Evidence that was properly admitted in one of these cases might be harmful error in the next. Without the ability to consider the significance of the evidence to the case as a whole, an appellate court simply cannot say prior to trial that a ruling was or was not error.
¶ 22 For all of these reasons, we decline Mr. Minehart's invitation to review his case at this time in the interests of judicial economy. Many parties might be better served by a pretrial ruling on evidentiary issues, but our appellate review system simply was not designed to accommodate them.
¶ 23 The parties are not without access to relief. Any aggrieved party can appeal from the judgment entered after trial in this case. With an appropriate record, an appellate court is quite able to adjudge a claim of evidentiary error and assess whether the error *597 deprived a party of a fair trial. They seldom are able to do so prior to trial.
¶ 24 We have not assessed the merits of the parties' respective claims and they are free to present them to this court in an appeal from the ultimate judgment. Our determination that the trial court's evidentiary rulings appear tenable on this record does not preclude review of those rulings after trial. A reason that was tenable prior to trial might be rendered untenable by developments at trial. We have simply passed on whether the parties have met the stringent standards that apply to requests for interlocutory review. These parties have not.
¶ 25 The motion for discretionary review and the cross-motion for discretionary review are both denied.
WE CONCUR: SWEENEY and SIDDOWAY, JJ.
NOTES
[1] The superior court stayed trial pending the outcome of these motions.
[2] The superior court separated the cases into individual trials.
[3] MSBR agrees in this case that it is vicariously liable if Fr. Weitensteiner is found individually responsible.
[4] Many of these witnesses also are plaintiffs in the other cases.
[5] The parties do not always clearly identify which aspects of RAP 2.3(b) they are relying upon in their various arguments concerning the challenged rulings. We urge all counsel seeking interlocutory review to argue with specificity (1) the criteria they are relying on, (2) why the challenged ruling was sufficiently erroneous to meet the applicable rule criterion, and (3) how that error established the relevant harm threshold.
[6] The RAP 2.3(b)(2) criterion originally was intended to apply to cases involving injunctions and similar proceedings that had been subject to appeal prior to the adoption of the Rules of Appellate Procedure, but the distinction immediately disappeared. See G. Crooks, Discretionary Review of Trial Court Decisions Under the Washington Rules of Appellate Procedure, 61 WASH. L. REV. 1541, 1545-1546 (1986).
[7] Evidence of other bad acts is not admissible in Washington to prove a person's character, but can be admitted for a proper purpose. To admit evidence pursuant to ER 404(b), a court must first (1) determine that the prior incidents occurred; (2) identify the purpose for which the evidence is offered; (3) determine that the evidence is relevant; and (4) weigh the probative value of the evidence against any prejudice it might engender. Lough, 125 Wash.2d at 853, 889 P.2d 487.
[8] "(a) Questions of Admissibility Generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of section (b). In making its determination it is not bound by the Rules of Evidence except those with respect to privileges.

"(b) Relevancy Conditioned on Fact. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."
ER 104 (emphasis added).
[9] This statute is located in the Criminal Procedure title of the Revised Code of Washington.
[10] Commissioner Crooks cites Marine Power & Equipment Co. v. Department of Transportation, 102 Wash.2d 457, 687 P.2d 202 (1984), as a case where the court granted interlocutory review on the basis of judicial economy because the parties faced an anticipated year long trial. The issue involved on review was strictly a legal question. Crooks, 61 WASH. L. REV. at 1549-1550.