

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| GENERAL CONSTRUCTION COMPANY, a Delaware corporation, | ) ) ) | No. 37044-5-III (consolidated w/ |
| Respondent, | ) ) | No. 37045-3-III) |
| v. | ) ) | |
| PUBLIC UTILITY DISTRICT NO. 2 of GRANT COUNTY, a Washington municipal corporation, | ) ) ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

SIDDOWAY, J. — This opinion concerns Public Utility District No. 2 of Grant

County's (PUD) second attempt at interlocutory review of this decade-old construction

contract dispute concerning work done on the Wanapum Dam. In the first appeal of this

lawsuit, this court accepted interlocutory review of a certified question from the superior

court concerning quantum meruit and waiver of contractual provisions. *See generally*

*Gen. Constr. Co. v. Pub. Util. Dist. No. 2 of Grant County*, 195 Wn. App. 698, 380 P.3d

636 (2016) (opinion published in part). In its current motion for discretionary review, the

PUD asks this court to accept review of a denial of a summary judgment motion.

No. 37044-5-III (consolidated w/ No. 37045-3-III)
*Gen. Constr. Co. v. Pub. Util. Dist. No. 2 of Grant County*

Because the PUD has not met the standards for acceptance of discretionary review, this court denies review.

FACTS

In our prior review of this case, we considered what remedies are available in a government construction contract dispute when one party fails to abide by the contract's notice and claim provisions. *See generally id*. We held that the contract's notice and claim provisions did not apply to a claim sounding in quantum meruit that sought payment for additional work performed outside the scope of the contract. *Id*. at 709 (discussing *Bignold v. King County*, 65 Wn.2d 817, 399 P.2d 611 (1965)). For additional work done within the contract's scope, we held that compliance with the contract's notice and claim provisions may be excused upon "unequivocal evidence of an intent to waive" the provisions. *Id*. (discussing *Mike M. Johnson, Inc. v. Spokane County*, 150 Wn.2d 375, 78 P.3d 161 (2003)).

In the unpublished portion of our opinion, Court of Appeals cause no. 32305-6-III (Wash. Ct. App. Sept. 1, 2016) (http://www.courts.wa.gov/opinions/pdf/323056 _pub.pdf), we also considered what evidence would suffice to prove a waiver. We held that waiver could only be shown through the actions of someone with actual authority to waive contractual provisions, or an agent with apparent authority. *Id.*, slip op. at 20-21. Regarding apparent authority, we noted the well-settled principle that an agent's apparent

authority can only be found through the objective manifestations of the principal, and that the agent's actions and representations are irrelevant to that determination. *Id*. at 20 n.19.

Following remand, the parties continued to engage in discovery, and eventually proceeded to another round of summary judgment proceedings. The PUD sought dismissal of General Construction Company's remaining claims through summary judgment, citing the recent opinion in *NOVA Contracting, Inc. v. City of Olympia* as a basis for renewing its earlier motion. 191 Wn.2d 854, 426 P.3d 685 (2018). The trial court denied the motion, and ordered the remaining claims to proceed to trial. Although *NOVA* discussed the same cases at issue in our prior opinions (*Bignold* and *Johnson*), the trial court found that *NOVA*'s treatment of those cases did not materially alter our prior understanding of those cases.[1]

The PUD then filed a notice and motion for discretionary review. Our commissioner denied discretionary review, and the PUD filed a motion to modify the commissioner's ruling.[2] We now deny the motion to modify, and affirm the commissioner's denial of discretionary review.

---

[1] In its briefing to this court, the PUD agrees that *NOVA* did not alter the validity of this court's prior opinion. Pet'r's Mot. to Modify Comm'r's Ruling at 6.

[2] Our commissioner also denied discretionary review of a sanctions issue presented by the PUD. The PUD does not seek to modify the commissioner's denial of review of that order.

No. 37044-5-III (consolidated w/ No. 37045-3-III)
*Gen. Constr. Co. v. Pub. Util. Dist. No. 2 of Grant County*

ANALYSIS

In a motion to modify, this court reviews de novo the ruling of its commissioner. *State v. Nolan*, 98 Wn. App. 75, 78, 988 P.2d 473 (1999), *aff'd*, 141 Wn.2d 620, 8 P.3d 300 (2000). Although ordinarily decided by an order, we exercise our discretion under RAP 17.6(b) to explain our reasoning in this opinion. *Minehart v. Morning Star Boys Ranch, Inc.*, 156 Wn. App. 457, 460, 232 P.3d 591 (2010).

The law generally does not favor discretionary review of orders denying summary judgment. *Sea-Pac Co. v. United Food & Comm. Workers Local Union 44*, 103 Wn.2d 800, 801-02, 699 P.2d 217 (1985). But this court may grant review where the moving party meets one or more of the standards set forth in RAP 2.3(b). Here, the PUD seeks review of the denial of its renewed summary judgment motion under RAP 2.3(b)(1) (obvious error standard) and RAP 2.3(b)(2) (probable error standard). Explicit in both standards is a requirement that the moving party carry a burden of production demonstrating some degree of error.

In denying discretionary review, our commissioner, like the parties, looked to the reasoning in the superior court's letter decision that explained why the court was again denying summary judgment. But we do not do so because "[f]indings of fact on summary judgment are not proper, are superfluous, and are not considered by the appellate court." *Kries v. WA-SPOK Primary Care, LLC*, 190 Wn. App. 98, 117, 362 P.3d 974 (2015). Instead, we look to the letter decision only to the extent that it informs

4

us of what evidence, briefs, and other materials were before the trial court. From there, we view that evidence in the light most favorable to the nonmoving party. *Id*.

In other words, the obvious or probable error that we look for in this context is whether the superior court's ultimate result was erroneous, not whether its reasons for doing so were flawed. This is in keeping with the rule that this court may affirm on any grounds supported in fact and law, even if different than those stated by the trial court. RAP 2.5(a). This is also inherent in the standards for discretionary review, requiring the error be one that renders further proceedings useless (RAP 2.3(b)(1)) or substantially alter the status quo (RAP 2.3(b)(2)). Further proceedings are not useless and the status quo is not substantially altered if this court accepts review only to affirm on the same or other grounds. Accordingly, for this court to properly consider a motion for discretionary review, the moving party must provide this court not just with the decision of the trial court, but also with the evidence presented to that court.

Here, the PUD has not provided this court with all of the materials relied on by the trial court to reach its decision. Without that information, this court cannot determine whether the trial court committed any error, let alone obvious or probable error, when it denied summary judgment. Accordingly, the PUD has not met its burden of production under RAP 2.3(b)(1) and (2).

While we do not consider the letter decision, the PUD urges us to make an exception because the PUD believes the court contradicted the law of the case in that

5

decision. Thus, the PUD argues review is necessary for this court to enforce its prior judgment. Such a scenario might be grounds for looking to a court's letter decision on summary judgment, but only if the purported error meets all of the requirements of RAP 2.3(b)(1) and/or (2).

Specifically, the PUD points to pages 3 and 4 of the Grant County Superior Court's letter decision. Pet'r's Mot. to Modify Comm'r's Ruling, App. G, at 66-70. There, the court appears to state that a reasonable jury could find that the PUD's agent had apparent authority to waive the contract's notice and claim provisions based on the actions and representations of that agent concerning his own authority. If true, that view of the law would violate our prior holding that apparent authority is to be found in the objective manifestations of the principal. But we doubt that the trial court actually intended to violate the law of the case. This is because, as the PUD points out, the same court in an earlier summary judgment decision from this case correctly stated that "[p]laintiff may not rely on the acts and words of [the agent] alone to establish a waiver of the notice claim provisions of the contract." Pet'r's Mot. to Modify Comm'r's Ruling, App. E, at 25.

Even if the lower court had incorrectly changed its view of the law in violation of our prior opinion, discretionary review is not warranted because the PUD has not shown that the error would render further proceedings useless, substantially alter the status quo, or substantially limit the freedom of a party to act. The court's statement was one of

multiple alternative bases for summary judgment. Because the PUD has not provided all of the evidence relied on by the trial court, we cannot make a determination that the decision to deny summary judgment was wrong in its entirety.

CONCLUSION

The motion to modify the commissioner's ruling of November 15, 2019, is denied. The case is remanded to the superior court for further proceedings in accordance with this opinion and our prior opinion filed September 1, 2016.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.

7