# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| FATEN ANWAR,<br><br>      Appellant,<br><br>      v.<br><br>PAYPAL, INC.,<br><br>      Respondent. | No. 86255-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — This appeal arises out of an arbitration agreement signed by Faten Anwar when she created an account with PayPal Inc. After Anwar filed a lawsuit against PayPal, the trial court compelled the parties to submit to arbitration and directed Anwar to initiate arbitration within 30 days or her complaint would be subject to dismissal. When Anwar failed to initiate arbitration within the allotted time, the trial court dismissed her complaint. Because Anwar fails to demonstrate that the arbitration agreement was not enforceable or that the trial court committed any error, we affirm the dismissal of her claims.

I

Anwar opened an account with PayPal in 2016. In order to create the account, she accepted the terms of PayPal's user agreement. The user agreement applicable in 2016 contained an "Agreement to Arbitrate" (hereinafter the Agreement), which read as follows:

> You and PayPal each agree that any and all disputes or claims that have arisen or may arise between you and PayPal, including without

limitation federal and state statutory claims, common law claims, and those based in contract, tort, fraud, misrepresentation or any other legal theory, shall be resolved exclusively through final and binding arbitration, rather than in court, except that you may assert claims in small claims court, if your claims qualify and so long as the matter remains in such court and advances only on an individual (non-class, non-representative) basis. This Agreement to Arbitrate is intended to be broadly interpreted. The Federal Arbitration Act[1] governs the interpretation and enforcement of this Agreement to Arbitrate.[2]

(Boldface omitted.) The agreement notified new account holders that they could opt out of the Agreement if they mailed a written opt-out notice to PayPal. Anwar did not notify PayPal that she wanted to opt out of the agreement.

On March 12, 2021, a transaction was made using Anwar's PayPal account to purchase floral adhesive tape for $9.92 via eBay.[3] On March 18, 2021, Anwar reported the transaction to PayPal as unauthorized during a login session using the same login credentials, Internet protocol address, and visitor identification as used for the payment authorization for the purchase. PayPal received confirmation from eBay of the purchase and delivery of a package to Anwar's address before she reported the transaction as unauthorized. After an investigation, PayPal concluded the transaction was not fraudulent and declined to refund $9.92 to Anwar's account.

Anwar then filed a complaint against PayPal in superior court asserting claims for violations of Washington's Consumer Protection Act (CPA), ch. 19.86 RCW, and the commercial electronic mail act (CEMA), ch. 19.190 RCW. In her

---

[1] 9 U.S.C. §§ 1-16.

[2] The current version of the User Agreement also contains an Agreement to Arbitrate; however, the record cuts off a significant portion of the text. The parties do not appear to dispute that the two agreements are substantially similar.

[3] "eBay" is an Internet site on which individuals can post items for sale or purchase items, either through an online auction or at fixed, "buy-it-now," prices.

complaint, Anwar alleged that PayPal "process[ed] an unauthorized charge to my account in the amount of $9.92," "email[ed] me a fraudulent notice of authorization," and "email[ed] me a fraudulent email about a fraudulent shipment with a fraudulent tracking number." Anwar sought damages under the CPA in the amount of $29.76, the $9.92 charge trebled, and statutory damages under CEMA in the amount of $2,500.00, $500.00 for each for each of the five allegedly "fraudulent" e-mails she received from PayPal. Anwar additionally sought litigation costs. PayPal denied Anwar's claims and asserted that the claims were subject to binding arbitration.

Anwar filed a summary judgment motion seeking a judgment on her claims as a matter of law and opposing arbitration. PayPal opposed her motion and asked the court to compel arbitration pursuant to the Agreement. PayPal provided a declaration of its employee Grace Garcia, whose job included accessing and analyzing PayPal user account records to confirm information regarding user account activities. As to Anwar's claim based on PayPal's use of different transaction numbers, Garcia explained that PayPal assigned three numbers to identify the different actions associated with the $9.92 charge: one to the authorization for a transaction; one to the completed transaction; and one to the bank transfer that funded payment for the transaction. Anwar filed a reply in support of her summary judgment motion and reiterated her opposition to arbitration, arguing her claims were not covered by the Agreement, the Agreement was unconscionable, and PayPal waived its right to arbitration.

On August 9, 2023, the trial court entered an order denying Anwar's summary judgment motion and compelling arbitration. On August 29, 2023, the court entered an order staying the case pending arbitration. In this order, the court directed Anwar to initiate arbitration within 30 days, warning her that if she failed to do so, her complaint would be dismissed.

Anwar sought discretionary review of the trial court's orders denying her summary judgment motion, compelling arbitration, and staying the case pending arbitration. This court denied discretionary review after concluding that Anwar had not demonstrated obvious or probable error by the trial court. Anwar then sought discretionary review in the Supreme Court, which it denied. Ruling Den. Rev, Anwar v. Paypal, Inc., No. 102838-5, at 5 (Wash. April 29, 2024).

On December 20, 2023, PayPal moved to dismiss Anwar's complaint, as more than 30 days had passed since the trial court issued its order staying the case and ordering arbitration. The trial court granted the motion and dismissed the action.

Anwar appeals.

II[4]

We review a decision compelling arbitration de novo. Wiese v. Cach, LLC, 189 Wn. App. 466, 473, 358 P.3d 1213 (2015). Our review is limited to determining

---

[4] Although the user agreement in effect at the time Anwar filed her complaint contains a choice of law provision stating that the laws of the State of Delaware govern the agreement, PayPal has briefed this matter under a presumption that Washington law applies. Absent sufficient proof of foreign law, courts should apply forum law. B.C. Ministry of Health v. Homewood, 93 Wn. App. 702, 709, 970 P.2d 381 (1999). We therefore apply Washington law.

whether Anwar's claims are arbitrable, without weighing the potential merits of the underlying claims. See Hanford Guards Union of Am., Loc. 21 v. Gen. Elec. Co., 57 Wn.2d 491, 494, 358 P.2d 307 (1961). Both state and federal law require the court to engage in every presumption in favor of arbitrability. Zuver v. Airtouch Commc'ns, Inc., 153 Wn.2d 293, 302, 103 P.3d 753 (2004). "The party opposing arbitration bears the burden of showing that the agreement is not enforceable." Id. (citing Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 92, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000); Stein v. Geonerco, Inc., 105 Wn. App. 41, 48, 17 P.3d 1266 (2001)).

A

Anwar first asserts that the trial court erred by compelling arbitration because the Agreement did not allow for "arbitration of arbitrability." Her argument misconstrues the procedural history in this matter.

In Anwar's motion for summary judgment, Anwar argued that her claims were not subject to arbitration because "the fraudulent activities that PayPal engaged in don't constitute a transaction" and that PayPal had waived its right to arbitrate by filing an amended answer to her complaint. In response, PayPal requested the court compel arbitration because the Agreement covered all disputes with PayPal, not just those pertaining to transactions. Anwar reasserted her original arguments against the Agreement on reply, and also argued that the Agreement was unconscionable.

5

Nothing in the trial court's order indicates that it was deferring the question of arbitrability to the arbitrator. To the contrary, in denying Anwar's motion for summary judgment and compelling arbitration, the trial court determined that the matter was arbitrable. Anwar's argument is without merit.

B

Anwar next asserts that the trial court erred by compelling arbitration because her claims were not covered by the Agreement. Anwar contends that because her "cause of action does not constitute a transaction" and does not "bear on interstate commerce," she cannot be compelled to arbitrate under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16.[5]

The Agreement states that the parties agree to arbitration for "*any and all disputes or claims* that have arisen or may arise between you and PayPal, including without limitation federal and state statutory claims, common law claims, and those based in contract, tort, fraud, misrepresentation or any other legal theory." (Emphasis added.) The claims asserted by Anwar fall within the scope of the Agreement.

---

[5] Anwar also contends that PayPal's arbitration agreement is too broad to be enforceable. The only authority Anwar cites in support of this argument is Hearn v. Comcast Cable Communications, LLC, 415 F.Supp.3d 1155 (N.D. Ga. 2019). This case was reversed by the Eleventh Circuit. Hearn v. Comcast Cable Commc'ns, LLC, 992 F.3d 1209 (11th Cir. 2021). Because Anwar fails to cite any valid authority, her argument is unsupported and fails to justify relief.

Anwar's allegation that PayPal acted fraudulently does not suffice to bring her claim outside the ambit of the FAA and therefore outside the ambit of the Agreement. First, the Agreement specifies that it pertains to claims of fraud. Second, the FAA contains no exceptions for allegations of fraud. Section two of the FAA provides that a

> written provision in any maritime transaction or a *contract evidencing a transaction involving commerce* to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (emphasis added). "Under the plain language of Section 2 of the FAA, the relevant question is not whether *the claim* arises from a transaction involving commerce, but rather whether *the contract* containing the arbitration clause 'evidenc[es] a transaction involving commerce.' " Gilbert v. Indeed, Inc., 513 F. Supp. 3d 374, 400 (S.D.N.Y. 2021) (alteration in original) (quoting 9 U.S.C. § 2). Anwar's dispute under PayPal's user agreement evidences a transaction involving commerce.

Anwar nevertheless asserts that her claims do not relate to the user agreement, citing two cases from the Eleventh Circuit Court of Appeals. The first of these, Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments, 553 F.3d 1351, 1367 (11th Cir. 2008), concerned an arbitration clause contained in a licensing agreement for Hemispherx's data " 'in the field of double-stranded ribose nucleic acids.' " Hemispherx's claim was for fraudulent financial disclosures made by the defendants during the course of an attempted hostile takeover of the company. Id. The court held that because Hemispherx's claim had nothing

7

whatsoever to do with its licensing agreement, the arbitration clause did not apply. Id. at 1367-68.

The other case cited by Anwar, Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204, 1208, 1211-12 (11th Cir. 2011), concerned the Jones Act, 6 U.S.C. § 30104, and common law tort claims brought by an employee of a cruise line after she was raped onboard and forbidden from disembarking to receive medical treatment. The court held that the arbitration agreement contained in the plaintiff's employment contract did not apply to her common law tort claims, as they did not arise out of the duties of her employment.[6] Id. at 1219.

In both Hemispherx and Doe, the court applied the simple, clear test it announced in an earlier decision to determine whether a claim relates to the contract containing the arbitration clause:

> [I]f the defendant "could have been" engaged in the allegedly tortious actions even if it "had no contractual relationship with" the plaintiff, then the dispute is not "an immediate, foreseeable result of the performance of the contractual duties" and thus not within the scope of an arbitration clause within that contract.

Hemispherx, 553 F.3d at 1367 (quoting Telecom Italia, SpA v. Wholesale Telecom Corp., 248 F.3d 1109, 1116 (11th Cir.2001)); see also Doe, 657 F.3d at 1219-20. Assuming this test were to apply in Washington, applying the test reveals that, contrary to her argument, Anwar's claims *are* related to PayPal's user agreement. In her complaint, Anwar alleges that PayPal "fraudulently charg[ed]" her for a "fraudulent transaction that [Anwar] didn't authorize" and "process[ed] a fraudulent

---

[6] The plaintiff's Jones Act, maritime, and wage claims fell under the scope of the arbitration agreement, as those claims were dependent on her status as an employee of the cruise line. Doe, 657 F.3d at 1221.

charge to [Anwar's] bank account." These claims could not have accrued if Anwar had not created a PayPal account, for which she was required to sign PayPal's user agreement. Thus, even Anwar's authority demonstrates that her complaint pertains to the user agreement containing the arbitration clause.

Second, Anwar's claims against PayPal implicate interstate commerce such that the FAA applies to disputes under its user agreement. In support of her argument to the contrary, Anwar cites Satomi Owners Ass'n v. Satomi, LLC, 167 Wn.2d 781, 798, 225 P.3d 213 (2009). The court in Satomi considered whether claims asserted under the Washington Condominium Act, chapter 64.34 RCW, could be subject to arbitration under the FAA. Satomi, 167 Wn.2d at 797. Although all of the parties involved were situated in Washington, the court held that claims between them were still subject to arbitration under the FAA. Id. at 802. Summarizing precedent from the U.S. Supreme Court, the court stated that "the FAA applies to transactions involving an economic activity that, in the aggregate, represent a general practice subject to federal control that bears on interstate commerce in a substantial way." Satomi, 167 Wn.2d at 799. The court held that the transactions between the condominium owners and the condominium associations bore on interstate commerce because the components used to build the condominiums were sourced from out-of-state, some of the condominiums were purchased by out-of-state residents, and some of the owners financed their purchases through out-of-state financial companies. Id. at 802-03.

Satomi does not support Anwar's argument. As Anwar acknowledged in her complaint, PayPal is headquartered in California, yet does enough business in

9

Washington to be subject to regulation by the Washington Department of Financial Institutions. PayPal's practices as outlined in its user agreement bear on interstate commerce in a substantial way. Thus, PayPal's Agreement falls within the ambit of the FAA.

C

Anwar next asserts that the trial court erred by compelling arbitration because the Agreement was unconscionable. An arbitration agreement is considered void if it is either substantively or procedurally unconscionable. Gandee v. LDL Freedom Enters., Inc., 176 Wn.2d 598, 603, 293 P.3d 1197 (2013) (citing Adler v. Fred Lind Manor, 153 Wn.2d 331, 347, 103 P.3d 773 (2004)). An agreement is substantively unconscionable when it is " 'one-sided or overly harsh,' " " '[s]hocking to the conscience,' " " 'monstrously harsh,' " or " 'exceedingly calloused.' " Id. (alteration in original) (internal quotation marks omitted) (quoting Adler, 153 Wn.2d at 344-45).

Anwar contends that the Agreement is substantively unconscionable because (1) it includes a waiver of the right to bring a class action, (2) it gives PayPal the "unrestricted right to take legal action, with no limitations whatsoever on what it can recover, against its customers," (3) it limits PayPal's liability to direct damages, and (4) it forecloses an award of costs. (Emphasis omitted.)

Anwar's argument that the Agreement is unconscionable because it includes a class action waiver was not asserted in her trial court pleadings. We decline to consider this argument further. See RAP 2.5(a); State v. Riley, 121 Wn.2d 22, 31, 846 P.2d 1365 (1993) ("Arguments not raised in the trial court

generally will not be considered on appeal." (citing <u>Van Vonno v. Hertz Corp.</u>, 120 Wn.2d 416, 427, 841 P.2d 1244 (1992)).

Anwar's remaining arguments are based on a misreading of the terms of the Agreement. The Agreement states that "[y]ou and PayPal *each agree* that any and all disputes or claims that have arisen or may arise between you and PayPal . . . shall be resolved exclusively through final and binding arbitration." (Boldface omitted and emphasis added.) The Agreement thus does not give PayPal the "unrestricted right to take legal action" against its users, as the plain language clearly binds both parties to its terms.

Rather than precluding an award of costs, the Agreement explicitly contemplates that PayPal will pay the cost of arbitration. As the Agreement states, "If the value of the relief sought is $10,000 or less, at your request, PayPal will pay all filing, administration, and arbitrator fees associated with the arbitration."[7] This applies even if the user's claims are not successful; only if the claims are deemed frivolous would the user be responsible for costs.

Additionally, the limitation of liability is not part of the Agreement. Instead, this limitation is contained in a separate part of PayPal's user agreement under the header "General Provisions." Challenges to the terms of a contract other than the arbitration clause are matters for the arbitrator to decide. <u>Buckeye Check Cashing, Inc. v. Cardegna</u>, 546 U.S. 440, 445-46, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006)

---

[7] For claims valued at over $10,000, the agreement states that "PayPal will pay as much of the filing, administration, and arbitrator fees as the arbitrator(s) deem necessary to prevent the cost of accessing the arbitration from being prohibitive," if the user can demonstrate that the costs of arbitration are prohibitive when compared to court costs.

("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance.").

Finally, we note that the Agreement contains an opt-out provision that Anwar could have used had she not wanted to agree to arbitrate her claims against PayPal. She chose not to do so. Anwar does not satisfy her burden to show that the Agreement is substantively unconscionable. The trial court did not err by compelling arbitration.

D

Anwar finally asserts that PayPal waived its right to arbitration. Anwar contends that PayPal's inclusion of a request for dismissal in its answer and amended answer was an affirmative act that waived its right to enforce the arbitration provision.

The right to arbitrate may be waived either explicitly or implicitly. Lake Wash. Sch. Dist. No. 414 v. Mobile Modules Nw., Inc., 28 Wn. App. 59, 62, 621 P.2d 791 (1980). "[W]aiver cannot be found absent conduct inconsistent with any other intention but to forego a known right." Id.; see also Townsend v. Quadrant Corp., 173 Wn.2d 451, 462, 268 P.3d 917 (2012). Any doubt about whether the right has been waived should be decided in favor of arbitration. Schuster v. Prestige Senior Mgmt., LLC, 193 Wn. App. 616, 632, 376 P.3d 412 (2016).

In Lake Washington School District, this court held that the defendant's assertion of a counterclaim and its limited use of discovery were not sufficient to

constitute waiver of the right to seek arbitration.[8] 28 Wn. App. at 63-64. Here, PayPal engaged in even less litigation conduct, as the only actions it engaged in were to amend its answer and to respond to the summary judgment motion and motions for default filed by Anwar. PayPal consistently asserted that Anwar's claims were subject to the Agreement. Nothing in PayPal's conduct evidences an intent to waive its right to arbitrate. Accordingly, the trial court did not err by compelling arbitration.

III

Anwar additionally argues that the trial court erred by dismissing her complaint while she was pursuing discretionary review of the orders compelling arbitration and staying proceedings. Anwar contends that the case was not subject to dismissal because discretionary review should have been granted. Both this court and the Supreme Court have already determined that discretionary review was not warranted. We decline to revisit that determination.

A trial court retains full authority over a case unless and until this court accepts review. RAP 7.1. The trial court's order staying the matter for arbitration clearly stated that Anwar "shall initiate the [American Arbitration Association (AAA)] arbitration proceeding within 30 days of the date of this Order," and that "if [Anwar] fails to initiate AAA arbitration within 30 days, this matter *shall be dismissed*." (Emphasis added.) Due to her failure to initiate arbitration, the trial court dismissed

_____

[8] The federal cases Anwar relies on all concern litigants who filed dispositive motions before asserting that the matter was subject to arbitration. Because PayPal did not file any dispositive motions, those cases have no application here.

Anwar's complaint on January 4, 2024, well after the 30 day deadline it previously imposed. The trial court did not err by doing so.

IV

PayPal requests an award of attorney fees pursuant to RAP 18.9, asserting that Anwar's appeal is frivolous. "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010). "[A]ll doubts as to whether the appeal is frivolous should be resolved in favor of the appellant." Streater v. White, 26 Wn. App. 430, 435, 613 P.2d 187 (1980).

While it is true that Anwar presented substantially the same arguments in support of her earlier notice for discretionary review, and this court and the Supreme Court rejected those arguments in declining discretionary review, those decisions were made in the context of the standards for discretionary review under RAP 2.3(b). See RAP 2.3(b)(1)-(2) (generally requiring party seeking discretionary review to show "obvious" or "probable" error having effects on the proceedings); Minehart v. Morning Star Boys Ranch, Inc., 156 Wn. App. 457, 462, 232 P.3d 591 (2010) ("Interlocutory review is disfavored."). In this appeal from the subsequent dismissal of Anwar's action, we reach her contentions on the merits for the first time. In light of this, and because we give Anwar the benefit of the doubt before deeming her appeal frivolous, we decline to award reasonable attorney fees to

14

PayPal at this time.  However, as prevailing party, PayPal shall recover its costs pursuant to RAP 14.2.[9]

Affirmed.

_Birk, J._

WE CONCUR:

_Chung, J._          _Smith, C.J._

---

[9] Anwar's request for costs and for sanctions against PayPal is denied.