IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Estate of: | ) | No. 39843-9-III |
| | ) | |
| LAWRENCE C. ANDREWS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Deceased. | ) | |

MURPHY, J. — Ricky Andrews appeals from the probate court's ruling that (1) an order compelling discovery is premature as discovery in the probate action has never been permitted under RCW 11.96A.115, and (2) there is no basis under Washington law to require a photographic inventory by a personal representative. Because the probate court's ruling is interlocutory in nature and is not appealable as a matter or right, and because Andrews fails to demonstrate grounds for this court to accept discretionary review, we decline review and dismiss the appeal.

FACTS

Lawrence Andrews died testate in 2017, devising his estate to his six children. One of his children, Ricky Andrews, initially served as personal representative. After a dispute arose between the heirs of the estate, Nathan May succeeded Andrews as personal representative.

May photographed estate property as part of his work and subsequently sold the estate's real property after the probate court established a minimum sale price. He also

sold assets from Lawrence Andrews's upholstery business through an estate sale. May provided Andrews with an inventory and appraisement upon request but did not produce any photographs.

Andrews petitioned under RCW 11.28.250 and RCW 11.68.070 for the removal of May as the estate's personal representative, alleging mismanagement of real property and other estate assets, to and including waste and attempted waste. The probate court denied Andrews's petition, finding there was insufficient evidence of waste, and that May sold the real property of the estate and upholstery business assets at a fair market value. At this hearing, after the petition for removal was decided, Andrews complained that he had not received the photos and videos taken by May of the estate property, contending these photos and videos would have supported Andrews's allegations about May. Andrews requested the court issue an order directing May to produce the photos and videos and delay its decision on his petition to remove May as personal representative. The court declined to postpone its decision on the petition or to address Andrews's request for an order directing May to produce photos and videos, as that issue was not properly before the court for hearing.

Andrews appealed to this court from the probate court's denial of his petition to remove May as the estate's personal representative. We affirmed the probate court and "decline[d] to address whether the [order was] appealable as of right, as it [was] readily

No. 39843-9-III
*In re Est. of Andrews*

apparent Mr. Andrews's appeal fail[ed] on the merits." *In Re Est. of Andrews*,

No. 36798-3-III, slip op. at 5 (Wash. Ct. App. Aug. 30, 2022) (unpublished),

https://www.courts.wa.gov/opinions/pdf/367983_unp.pdf.

On remand to the probate court, Andrews filed multiple separate challenges to the

inventory and appraisement, alleging in part that May failed to provide a complete

inventory with photos and videos of the upholstery. The probate court denied all

Andrews's requests.

The probate court held a hearing on various motions brought by Andrews and

entered an order denying Andrews's requested relief, concluding:

> 1.  RCW 11.96A.115 requires an order permitting discovery, so an order compelling discovery is premature if an order permitting discovery has not been entered.
> 2.  Washington law does not require a Personal Representative to provide a photographic inventory, so ordering the Personal Representative to provide a photographic inventory or finding the Personal Representative to be at fault for failure to provide a photographic inventory is not appropriate under Washington law.

Clerk's Papers (CP) at 1119-20.

This is the order from which Andrews now appeals. In response to questions from

this court on the issue of appealability and whether review should be dismissed without a

decision on the merits, Andrews argues that the probate court's decision is appealable as

a matter of right pursuant to RAP 2.2(a)(3), stating the "order denied [a] request for estate

3

records and [c]hallenge to inventory and appraisement," and that terminating review would, "in effect prevent a final judgement [sic] in an 8 year old probate matter." Suppl. Br. of Appellant at 2. Andrews alternatively argues that, under RAP 5.1, his notice of appeal should "be given the same effect as a notice for discretionary review." Suppl. Br. of Appellant at 3. Andrews does not provide, however, a basis for discretionary review to be accepted under RAP 2.3(b).

May responds that the decision on appeal is not one listed under RAP 2.2(a) that would allow review as a matter of right. Additionally, he points out that Andrews does not identify or argue one of the four circumstances listed in RAP 2.3(b) that would permit discretionary review. May requests "[t]he appeal . . . be dismissed as not ripe for discretionary review without a decision on the merits." Suppl. Br. of Resp't at 3.

## ANALYSIS

"As a general rule . . . a party may appeal only when the trial court has finally disposed of all claims and all parties." *State v. Trask*, 91 Wn. App. 253, 265, 957 P.2d 781 (1998). Interlocutory review is disfavored. *See Maybury v. City of Seattle*, 53 Wn.2d 716, 721, 336 P.2d 878 (1959). "Piecemeal appeals of interlocutory orders must be avoided in the interests of speedy and economical disposition of judicial business." *Id.* Piecemeal appeals are discouraged because they do not promote the orderly

administration of justice. *See Fox v. Sunmaster Products, Inc.*, 115 Wn.2d 498, 503-04, 798 P.2d 808 (1990) (per curiam).

Andrews argues that, even if the order at issue is not appealable as a matter of right under RAP 2.2(a), we should accept discretionary review of the order, but he fails to identify or argue any basis under RAP 2.3(b) that would warrant discretionary review.

We agree with May that the probate court's order on appeal is interlocutory in nature and not appealable as a matter of right under RAP 2.2(a). This order does not finally resolve the estate administration or conclusively determine the rights of the heirs. Rather, the order addresses interim disputes in an ongoing probate action.

As for discretionary review under RAP 2.3(b), Andrews has not demonstrated (1) obvious error rendering further proceedings useless, (2) probable error that alters the status quo or involves a constitutional issue, (3) a substantial departure by the probate court from the accepted and usual course of judicial proceedings, or (4) certification by the probate court, or stipulation of the parties, to a significant conflict on a controlling question of law that would materially advance resolution of the litigation. One of these dynamics within RAP 2.3(b) is required for an appellate court to accept discretionary review.

Moreover, a cursory review of the trial court's ruling does not merely persuade us that there was no obvious or probable error, but that the trial court likely ruled correctly.

We decline to permit discretionary review. This aligns with the policy of avoiding piecemeal appeals that can unduly delay the administration and processing of cases, and increase the costs of litigation. *See Minehart v. Morning Star Boys Ranch, Inc.*, 156 Wn. App. 457, 462, 232 P.3d 591 (2010) ("Interlocutory review is available in those rare instances where the alleged error is reasonably certain and its impact [is] manifest.").

ATTORNEY FEES AND COSTS

May requests an award of attorney fees and costs to the estate, pursuant to RAP 18.1 and RCW 11.96A.150, for having to respond to a meritless appeal. Andrews in his reply brief states that "the court shouldn't grant any more attorney fees." Reply Br. of Appellant at 38.

RAP 18.1(a) allows a party to recover attorney fees or expenses incurred on appeal, so long as applicable law permits such a recovery. RCW 11.96A.150(1) provides an appellate court with broad discretion to award costs, including reasonable attorney fees, in estate litigation. *See In re Est. of Mower*, 193 Wn. App. 706, 729, 374 P.3d 180 (2016). A party must devote a section of their opening brief to their request for fees and expenses. RAP 18.1(b).

As stated previously, after invoking discretionary review, Andrews failed to cite to or offer argument on any of the four bases for granting review under RAP 2.3(b). In the

exercise of our discretion under RCW 11.96A.150(1), and finding a lack of merit in this appeal, we award the estate its reasonable attorney fees and costs on appeal.

CONCLUSION

Because the probate court order at issue is not appealable as a matter of right and because discretionary review is not warranted, we dismiss this appeal without reaching the merits, and award the estate reasonable attorney fees and costs, subject to its compliance with RAP 18.1(d). The attorney fees and costs are to be paid by Andrews personally. If the fee and cost award is not satisfied prior to the closing of the estate, the fees and costs shall be deducted from Andrews's share of the final estate distribution.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Staab, J.